999 F.2d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel Richard ESPARZA, Defendant-Appellant.
 No. 92-50552.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1993.*
Decided July 12, 1993.
 
 Before BROWNING, BRIGHT,** and TANG, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Daniel Richard Esparza was stopped at the Otay Mesa border crossing. Following a vehicle search, 64 pounds of marijuana were found in a secret compartment by the vehicle's gas tank. A jury subsequently convicted him for importation of marijuana, in violatin of 21 U.S.C. §§ 952 and 960, and for possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Esparza appeals. We affirm.
 
 I. Sufficiency of the Evidence
 
 3
 There is sufficient evidence to support a conviction if, " 'reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 4
 However, if a defendant fails to move for a judgment of acquittal, then the defendant has "waived any claim for reversal based on insufficiency of the evidence." United States v. Stauffer, 922 F.2d 508, 511 (9th Cir.1990). We may then review the sufficiency of the evidence only "to avoid a manifest miscarriage of justice or plain error." Id. (citation omitted).
 
 
 5
 The government argues that Esparza did not renew his motion for judgment of acquittal at the close of the defense's case in chief, sufficiency of the evidence should thus be reviewed only to "avoid a manifest miscarriage of justice or plain error." Esparza, however, argues that it was not necessary to renew his acquittal motion because he moved for a judgment of acquittal at the close of the government's case in chief and the district court stated: "You[r] objection is noted and preserve[d] for appeal if there's a conviction."
 
 
 6
 Where the district court expressly states that defendant's objection to the sufficiency of the evidence is noted and preserved for appeal, it would elevate form over substance to require the defendant to renew the acquittal motion. Thus, we review sufficiency of the evidence under the Jackson standard.
 
 
 7
 Esparza does not dispute that he drove a car containing 64 pounds of marijuana. Instead, he argues insufficient evidence to show that he had knowledge of the marijuana.
 
 
 8
 Esparza was found with 64 pounds of marijuana, a substantial quantity. We have held that mere possession of a substantial quantity of drugs will support an inference of knowledge. See United States v. Barbosa, 906 F.2d 1366, 1368 (9th Cir.) ("mere possession of a substantial quantity of narcotics is sufficient to support an inference that a defendant knowingly possessed the narcotics"), cert. denied, 498 U.S. 961 (1990); United States v. Collins, 764 F.2d 647, 652 (9th Cir.1985) (possession of some eight pounds of cocaine constituted a "substantial quantity" sufficiently supported jury's finding that defendant knowingly possessed narcotics).
 
 
 9
 Additionally, Esparza was the driver and sole occupant of the vehicle with the marijuana. Exclusive dominion and control is circumstantial evidence that Esparza had knowledge of the marijuana. See United States v. Rubio-Villareal, 927 F.2d 1495, 1499 (9th Cir.1991) ("[e]xclusive dominion over the property or vehicle in which contraband is found is strong circumstantial evidence of possession"), vacated in part on other grounds, 967 F.2d 294, 296 (9th Cir.1992) (en banc).
 
 
 10
 The government claims however that Agent Latocki's testimony regarding knowledge and the implausibility of Esparza's testimony also support an inference of Esparza's knowledge. This contention is somewhat slim but when added to the fact that Esparza was the sole driver and occupant of a vehicle containing a large quantity of marijuana, the evidence is sufficient to support Esparza's convictions.
 
 II. Expert Testimony
 
 11
 Esparza next argues that by admitting testimony of Agent Latocki, the government's expert witness, the government improperly created a burden of guilt at trial and violated Fed.R.Evid. 704(b). Although this argument is confusing, we take it to mean that Esparza challenges the district court's admission of certain expert testimony into evidence. Because no objection was made to such testimony our review is for plain error. United States v. Bosch, 951 F.2d 1546, 1549 (9th Cir.1991), cert. denied, 112 S.Ct. 2975 (1992).
 
 The testimony at issue is as follows:
 
 12
 Q. Okay. Now, isn't it also true that from your experience, it's very common to use individuals to transport marijuana unwittingly or unknowingly across the border?
 
 
 13
 A. No, sir.
 
 
 14
 Q. You've never seen cases where people babysit the marijuana and send it with someone else unaware of its presence?
 
 
 15
 A. No sir. If you're referring to the blind mule theory, this is a commodity. This is money in the seller's pocket, and for someone to take that money or this valuable item and pass it off to an unwitting, unknowing person on the possibility of crossing the vehicle, in my experience and in my investigation of hundreds of cases, I have never, ever found one person who did not know that there was either drugs in the vehicle, or something illegal in the vehicle--probably drugs. But all of them knew that there was something illegal with this vehicle, something was wrong and they were doing something wrong.
 
 
 16
 Because Esparza invited Agent Latocki's opinion regarding Esparza's knowledge, Esparza is precluded from arguing on appeal any such invited error. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1187 (9th Cir.) ("The doctrine of invited error prevents a defendant from complaining of an error that was his own fault."), cert. denied sub nom. 113 S.Ct. 258 (1992).
 
 
 17
 Moreover, the district court instructed the jury that Esparza is presumed innocent. Esparza also brought out on cross examination that knowledge is a question for jury determination. The district court thus did not commit plain error in admitting Agent Latocki's testimony.
 
 III. Jury Instruction
 
 18
 Esparza argues that the district court erred in giving the following knowledge instruction:
 
 
 19
 An act is done knowingly if the defendant is aware of the act and does not act [or fail to act] through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his/her acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.
 
 
 20
 The instruction, including the brackets, is verbatim from the Manual of Model Criminal Jury Instructions for the Ninth Circuit.
 
 
 21
 Because Esparza did not object, we review the district court's jury instruction on knowledge for plain error. See United States v. Boone, 951 F.2d 1526, 1541 (9th Cir.1991). Esparza argues that the approved bracketed language is misleading and confusing. He argues particularly that with use of the conjunction "or" the jurors could have been led "to convict because they were instructed that Mr. Esparza's ignorant or mistaken omissions were the legal equivalent of knowing acts." This argument is without merit.
 
 
 22
 The bracketed language refers to a failure to act which arises "through ignorance, mistake or accident." It says what it means as to action. If the defendant is aware of the act and does not act through ignorance, mistake or accident, then the act is knowingly done." Thus, the use of the Jury Instruction 5.06 from the Manual of Model Criminal Jury Instructions for the Ninth Circuit was not plain error. See United States v. Hegwood, 977 F.2d 492, 496 (9th Cir.1992) (although a jury "instruction in its entirety may be less than artful, it is sufficient to inform the jury that they must find knowledge or intent"), cert. denied, 1993 WL 113333 (U.S. May, 17, 1993).
 
 IV. Refusal to Reread Testimony
 
 23
 A district court's decision to deny a jury's request to rehear trial testimony during deliberations is reviewed for an abuse of discretion. United States v. Nickell, 883 F.2d 824, 829 (9th Cir.1989).
 
 
 24
 Esparza argues that the district court abused its discretion by refusing to reread Esparza's testimony during jury deliberations. Specifically, Esparza argues that because the requested testimony was brief--a half hour long testimony which was transcribed in 30 pages--the district court should have reread the testimony to the jury. We disagree.
 
 
 25
 The district court has "great latitude in deciding whether to reread testimony requested by the jury." United States v. Cuozzo, 962 F.2d 945, 952 (9th Cir.) (quotation omitted), cert. denied, 113 S.Ct. 475 (1992). Here, the district court informed the jury at the beginning of trial that they would not have a written transcript of testimony, and therefore urged the jury to "pay close attention to the testimony as the trial progresses." The trial lasted less than one day, Esparza's testimony was at most half an hour, and only five witnesses testified at trial.
 
 
 26
 Under these circumstances, the district court did not abuse its discretion in denying the jury's request to rehear Esparza's testimony during deliberations.
 
 
 27
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Myron H. Bright, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3