**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**George KRASOVICH,**
**Defendant-Appellant.**

**No. 86–1167.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 1987.

Decided June 10, 1987.

Pamela Jole Franks, Phoenix, Ariz., for defendant-appellant.

Susan A. Ehrlich, Phoenix, Ariz., for plaintiff-appellee.

Before SCHROEDER, WIGGINS and THOMPSON, Circuit Judges.

SCHROEDER, Circuit Judge:

The dispositive issue in this appeal is the sufficiency of the evidence underlying the appellant's conviction of conspiracy to defraud the United States in violation of 18 U.S.C. § 371. Appellant Krasovich was convicted on one count (Count Eight) of a multi-count, multi-defendant indictment. That count charged Krasovich with conspiracy to defraud the Internal Revenue Service "in the ascertainment, computation, assessment, and collection of ... the personal income taxes of John Thomas Drummond."

The underlying facts are not now disputed. John Drummond and his wife Andrea Drummond were in the cocaine business. Krasovich was their mechanic, servicing and repairing various vehicles for them. In December of 1984, the government arrested the Drummonds and instituted civil forfeiture proceedings against vehicles and earth moving equipment they allegedly owned. The vehicle that was the subject of Count Eight of the indictment was a used pickup truck purchased several months later, in April, 1985. Krasovich paid for the truck with money provided by Andrea Drummond. Krasovich registered the truck in his name and later confessed to a drug enforcement agent that he did this so that the truck would not be registered in Andrea's name.

The evidence at trial showed that Krasovich knew that the Drummonds were involved in the drug trade. It also showed that Krasovich had filed false statements with the government claiming ownership of other vehicles and equipment belonging to the Drummonds. There was evidence showing that an Internal Revenue Service agent had previously told Krasovich in connection with those false claims, but not in connection with the pickup truck, that it could be illegal to claim another's property as his own.

As explained more fully below, there was no evidence, direct or circumstantial, to indicate that when Krasovich purchased the truck in April of 1985, he intended or agreed with anyone else to impede the Internal Revenue Service in its collection of taxes, as charged in the indictment. The appellant therefore argues, and we hold, that the evidence was insufficient to permit a jury reasonably to find Krasovich guilty of the crime charged in the indictment. The conviction must be reversed.

The principal purpose of an indictment is to "provide the defendant with a description of the charges against him in sufficient detail to enable him to prepare his defense and plead double jeopardy at a later prosecution." *United States v. Lane,*

765 F.2d 1376, 1380 (9th Cir.1985). The indictment must contain the elements of the offense charged and apprise the defendant of what he must be prepared to meet. *See Russell v. United States*, 369 U.S. 749, 763–64, 82 S.Ct. 1038, 1047, 8 L.Ed.2d 240 (1962). "An indictment charging a conspiracy under 18 U.S.C. § 371 should allege an agreement, the unlawful object toward which the agreement is directed, and an overt act in furtherance of the conspiracy." *Lane*, 765 F.2d at 1380; *see also United States v. Giese*, 597 F.2d 1170, 1177 (9th Cir.), *cert. denied*, 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979); *United States v. Charnay*, 537 F.2d 341, 350 (9th Cir.), *cert. denied*, 429 U.S. 1000, 97 S.Ct. 528, 50 L.Ed.2d 610 (1976). The indictment in this case charged an agreement with Andrea Drummond, the object of which was to impede the collection of federal income taxes owed by Andrea's husband John.

■■ The existence of a conspiratorial agreement or common purpose may be inferred from the evidence. *E.g., United States v. Brandon*, 633 F.2d 773, 780 (9th Cir.1980); *United States v. Young*, 573 F.2d 1137, 1139 (9th Cir.1978); *United States v. Martin*, 567 F.2d 849, 851 (9th Cir.1977). "[W]e view the evidence and all inferences reasonably drawn from the evidence in the light most favorable to the government." *United States v. Ramirez*, 710 F.2d 535, 548 (9th Cir.1983). Knowledge of the objective of the conspiracy is an essential element of any conspiracy conviction. *See, e.g., Ingram v. United States*, 360 U.S. 672, 79 S.Ct. 1314, 79 S.Ct. 1314, 3 L.Ed.2d 1503 (1959); *United States v. Monroe*, 552 F.2d 860, 862–63 (9th Cir.), *cert. denied*, 431 U.S. 972, 97 S.Ct. 2936, 53 L.Ed.2d 1069 (1977); *United States v. Camacho*, 528 F.2d 464, 469 (9th Cir.) (quoting *Marino v. United States*, 91 F.2d 691, 694 (9th Cir.), *cert. denied*, 302 U.S. 764, 58 S.Ct. 410, 82 L.Ed. 593 (1937)), *cert. denied*, 425 U.S. 995, 96 S.Ct. 2208, 48 L.Ed.2d 819 (1976).

It therefore follows that where, as here, the objective is alleged to be interference with "the ascertainment, computation, assessment, and collection of ... the personal income taxes of John Thomas Drummond," the government must prove knowledge of that objective. Thus, in *Ingram*, the defendants were charged with a conspiracy to evade federal wagering tax. The Supreme Court reversed the convictions of two lower-level functionaries because of the absence of any proof that they were aware of the tax liability. Cautioning that the crime of conspiracy must not become a dragnet for every substantive offense, the Court found the proof insufficient, even though the defendants were involved in concealing a gambling operation. 360 U.S. at 679–80, 79 S.Ct. at 1320. This case is similar in all material respects. The government did not show that the defendant knew the alleged objective of the conspiracy.

■ Not only must the government prove knowledge of the illegal objective, it must also prove an agreement with a co-conspirator to pursue that objective as a common one. Thus, a conviction has been held improper where one alleged conspirator, in enlisting another, told him the operation's objective was tax evasion when in fact it was cashing fraudulent checks. *See United States v. Rosenblatt*, 554 F.2d 36 (2d Cir.1977). There the court held that although both alleged co-conspirators agreed to commit offenses against the United States, they had not agreed on the same offense. *Id.* at 38–40. Thus, in the absence of any proof that the defendant knew of the tax objective of an alleged co-conspirator, there can be no adequate proof of an agreement to pursue that objective.

An extensive discussion of the requirements for proof involving an indictment under § 371 for revenue fraud is found in recent decisions of the Eleventh and Fifth Circuits in *United States v. Browning*, 723 F.2d 1544 (11th Cir.1984), and *United States v. Enstam*, 622 F.2d 857 (5th Cir. 1980), *cert. denied*, 450 U.S. 912, 101 S.Ct. 1351, 67 L.Ed.2d 336 (1984). In *Enstam*, the court said that the government's burden is not met if it shows only that the object of a conspiracy was to hide the source of money rather than specifically to

impede the collection or assessment of income taxes. *See Enstam*, 622 F.2d at 861. The court emphasized later in *Browning*, where the indictment charged impairing the IRS in its function of identifying revenue and collecting taxes, that the evidence must demonstrate that the conspirators knew of that objective. *Browning*, 723 F.2d at 1546–47. This ruling comports with the general principle that although a defendant may be found guilty of conspiracy even if he did not know all of the details of the scheme, the evidence must demonstrate that he knew the conspiracy's essential objectives. *See Blumenthal v. United States*, 332 U.S. 539, 554–57, 68 S.Ct. 248, 255–56, 92 L.Ed. 154 (1947).

■ In this case, there may well have been ample evidence that Andrea Drummond intended to use Krasovich to hide true ownership of property in order to evade income taxes. There is, however, no basis on which a reasonable jury could conclude that the defendant Krasovich had the same objective with respect to the transaction alleged in Count Eight. Nothing in the circumstances of the transaction suggests that Krasovich knew that the purpose of the concealment was to evade taxes.

Andrea Drummond may have wished to conceal ownership of the truck because she wanted to use it in illegal activities, or because she wanted to avoid drawing attention to herself or her finances, or because she feared seizure of the truck under the forfeiture statute if her ownership became known. "This is not a case where efforts at concealment would be reasonably explainable only in terms of motivation to evade taxation." *Ingram*, 360 U.S. at 679, 79 S.Ct. at 1320; *see also id.* at 678–80, 79 S.Ct. at 1319–20. Indeed, the only link between the defendant and the tax laws on the evidence before the jury was a conversation between Krasovich and the IRS agent approximately a month before Krasovich claimed ownership of the pickup truck. In sum, the evidence is not sufficient to show that Krasovich conspired with Andrea Drummond with the objective of interfering with the Internal Revenue Service's collection of John Drummond's taxes, Andrea Drummond's taxes, or any other taxes.

The judgment is REVERSED.