956 F.2d 275
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mahmoud MOHD, Defendant-Appellant.
 No. 90-50616.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1992.
Decided Feb. 14, 1992.
 
 Before BRUNETTI, O'SCANNLAIN and T. NELSON, Circuit Judges.
 
 
 1
 ORDER*
 
 
 2
 The district court is affirmed for the following reasons:
 
 
 3
 (1) The district court properly denied the motions for judgment of acquittal. There was sufficient evidence that Mohd was a co-conspirator involved in a scheme to distribute cocaine, United States v. Ray, 930 F.2d 1368, 1371 (9th Cir.1990); United States v. Krasovich, 819 F.2d 253, 255 (9th Cir.1987), and that he possessed cocaine. United States v. Chambers, 918 F.2d 1455, 1457 (9th Cir.1990); United States v. Hernandez, 876 F.2d 774, 778 (9th Cir.), cert. denied, 493 U.S. 863 (1989); United States v. Vasquez, 858 F.2d 1387, 1393 (9th Cir.1988), cert. denied, 488 U.S. 1034 (1989). There was also sufficient evidence to establish a violation of 18 U.S.C. § 111. United States v. Feola, 420 U.S. 671, 684 (1975); United States v. Sanchez, 914 F.2d 1355, 1358-59 (9th Cir.1990), cert. denied, 111 S.Ct. 1626 (1991); United States v. Jim, 865 F.2d 211, 215 (9th Cir.), cert. denied, 493 U.S. 827 (1989).
 
 
 4
 (2) The district court properly denied the motion for a new trial; there was no abuse of discretion. United States v. Shaffer, 789 F.2d 682, 687 (9th Cir.1986). It was a lack of diligence or a trial tactic that led to this evidence not being presented at trial. Furthermore, the allegedly newly-discovered evidence was merely cumulative; we are not persuaded that a new trial would probably result in an acquittal for Mohd. United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991).
 
 
 5
 (3) The limitation of the cross-examination of Conrad was properly within the district court's discretion because "the jury receive[d] sufficient information to appraise the biases and motivations of the witness." United States v. Feldman, 788 F.2d 544, 554 (9th Cir.1986), cert. denied, 479 U.S. 1067 (1987). The defendant does not have the right "to pursue irrelevant inquiries or exercise complete control over the extent of the cross-examination." United States v. Brown, 936 F.2d 1042, 1048 (9th Cir.1991). See also United States v. Bonanno, 852 F.2d 434, 439 (9th Cir.1988), cert. denied, 488 U.S. 1016 (1989).
 
 
 6
 (4) The limitation of the direct examination of Mohd's expert was also proper. The witness had already answered hypothetical questions concerning the subject of questioning. An expert witness is not entitled to testify to a defendant's state of mind. Fed.R.Evid. 704(b); United States v. Lewis, 837 F.2d 415, 418-19 (9th Cir.), cert. denied, 488 U.S. 923 (1988).
 
 
 7
 (5) Mohd had notice of the court's intention to enhance his sentence for obstruction of justice. "To satisfy the notice requirement, it is not necessary that the defendant be notified by the trial court of the possibility of an upward departure prior to the sentencing hearing." United States v. Hedberg, 902 F.2d 1427, 1428 (9th Cir.1990). The court also did not clearly err in finding that Mohd intimidated Conrad. Cf. United States v. Barbosa, 906 F.2d 1366, 1369 (9th Cir.), cert. denied, 111 S.Ct. 394 (1990).
 
 
 8
 (6) Mohd was not entitled to an evidentiary hearing. United States v. Upshaw, 918 F.2d 789, 791 (9th Cir.1990), cert. denied, 111 S.Ct. 1335 (1991). Indeed, he was allowed to present evidence, to testify, and to have his counsel comment on the enhancement at the sentencing hearing. It was not an abuse of discretion for the district court to refuse his request for an evidentiary hearing. United States v. Baker, 894 F.2d 1083, 1084-85 (9th Cir.1990).
 
 
 9
 (7) The district court properly imposed sentence based on a criminal history category computed by including an unsupervised probation for a drunk driving conviction. United States v. Niven, No. 90-50110, slip op. at 16889 (9th Cir. Dec. 23, 1991); United States v. McCrudden, 894 F.2d 338, 339 (9th Cir.), cert. denied, 110 S.Ct. 1534 (1990); U.S.S.G. §§ 4A1.1(d), 4A1.2(c)(1) & comment 5.
 
 
 10
 (8) The district court also correctly found that Mohd's conduct constituted aggravated assault. U.S.S.G. § 2A2.2. We defer to the court's application of the Guidelines to the facts, United States v. Burns, 894 F.2d 334, 336 (9th Cir.1990), because that determination is not clearly erroneous. United States v. Sanchez, 914 F.2d 1355, 1361-62 (9th Cir.1990), cert. denied, 111 S.Ct. 1626 (1991). See also U.S.S.G. § 2A2.4(c); § 2A2.2 comment 1 & commentary & background.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3