99 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Young Yil JO, Defendant-Appellant.
 No. 95-10554.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1996.
Decided Oct. 18, 1996.
 
 Before: WALLACE, HALL, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Young Yil Jo appeals from his conviction and sentence for conspiracy to distribute cocaine and methamphetamine. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Jo contends that the jury instructions omitted an essential element of the crime of conspiracy. Unfortunately, the briefing and argument leave us in some doubt about what error Jo assigns to the instructions. At times, Jo seems to argue that he could not be convicted unless he knew that the conspiracy's objectives were unlawful. At other times, Jo seems to argue simply that knowledge of an (objectively) unlawful objective is an element of conspiracy. We will treat each possibility in turn.
 
 
 4
 We review jury instructions as a whole to determine if they are misleading or inadequate to guide the jury's deliberations. United States v. Kessi, 868 F.2d 1097, 1102 (9th Cir.1989). Because Jo did not object to these instructions at trial, we also review only for plain error. United States v. Jackson, 84 F.3d 1154, 1158 (9th Cir.1996). Plain error is "clear" or "obvious" error that affected the defendant's substantial rights. United States v. Karterman, 60 F.3d 576, 579 (9th Cir.1995).
 
 
 5
 To the extent that Jo would make knowledge of the law an element of conspiracy, his contention has no merit. While the government must prove the defendant joined a conspiracy knowing of at least one of its objects and intending to help accomplish that object, "[t]here need not, of course, be proof that the conspirators were aware of the criminality of their objective...." Ingram v. United States, 360 U.S. 672, 678 (1959); Cf. United States v. Feola, 420 U.S. 671, 687 (1975) (a conviction for conspiracy requires proof of the same degree of criminal intent needed for the substantive offense, which does not require the defendant to "have known that his conduct violated federal law"). The district court's jury instruction here, a virtually unmodified version of Ninth Circuit Model Criminal Instruction 8.05A on conspiracy, complied with these requirements.
 
 
 6
 Neither of the cases on which Jo relies, United States v. Krasovich, 819 F.2d 253 (9th Cir.1987), and United States v. Hegwood, 977 F.2d 492 (9th Cir.1992), cert. denied, 508 U.S. 913 (1993), supports his position. In Krasovich, we held the defendant must know of the object of the conspiracy, but not that the defendant must be aware of the illegality of that object. Krasovich, 819 F.2d at 255. We therefore reversed the defendant's conviction where the evidence was insufficient to prove that he knew of the conspirators' objective. Id. at 256. In Hegwood, the government merely conceded that a conspiracy instruction is erroneous if it does not require proof that the defendant intended to commit the object of the conspiracy, i.e., the substantive crime. Hegwood, 977 F.2d at 492. Here, of course, the district court properly instructed the jury that Jo had to know of one of the objects of the conspiracy and intend to help accomplish it.
 
 
 7
 Jo may also contend that the instructions failed to alert the jury that a conspiracy defendant must have knowledge of one of the conspiracy's unlawful objectives. A few sentences of the jury instructions would arguably permit conviction of a defendant who was aware only of one of the lawful objects of a multiple object conspiracy. The jury was also instructed, however, that "[a] conspiracy is a kind of criminal partnership, an agreement between two or more persons to commit one or more crimes. The crime is the agreement to do something unlawful." Taken as a whole, these instructions were not misleading.
 
 
 8
 Even if the instructions were ambiguous on this point, the error did not affect Jo's substantial rights. Because the Velasco conspiracy had no lawful objectives, the jury could not have been confused. The district judge did not plainly err.
 
 II
 
 9
 Jo argues the district court erred in failing to determine the precise quantity of drugs attributable to him in connection with imposing his sentence under the Guidelines. We disagree.
 
 
 10
 Application Note 2 to Guidelines Section 2D1.4 provides that where, as here, there is no drug seizure or the amount seized does not reflect the scale of the offense, the sentencing judge shall approximate the quantity of the controlled substance. Moreover, to justify its determination that Jo's appropriate base offense level was 38, the district court was required to find, pursuant to Section 2D1.1 of the Guidelines, that Jo distributed only three kilograms of methamphetamine. Given the substantial evidence, including the testimony of Cabigas, that Jo distributed well in excess of three kilograms, we cannot say the district court clearly erred in determining that Jo's base offense level was 38.
 
 III
 
 11
 Jo contends that the district court abused its discretion by admitting evidence of his purchases or attempted purchases of methamphetamine from Tae Mun O and Hyun Chae Lee, because such "other crimes" evidence was offered merely to show that Jo had a propensity to commit drug crimes and thus was inadmissible under Federal Rule of Evidence 404(a).
 
 
 12
 Evidence which is "inextricably intertwined" with, or "part of the same transaction" as, the criminal conduct alleged in the indictment is not "other crimes" evidence and therefore is properly admitted. United States v. Mundi, 892 F.2d 817, 820 (9th Cir.1989), cert. denied, 498 U.S. 1119 (1991); United States v. Soliman, 813 F.2d 277, 279 (9th Cir.1987) ("[e]vidence should not be treated as 'other crimes' evidence when the evidence concerning the [other] act and the evidence concerning the crime charged are inextricably intertwined") (internal quotations and citations omitted). Here, Jo's efforts to purchase methamphetamine during the period of time in which he was charged with distributing the drug constituted acts that were inextricably intertwined with the charged conspiracy to distribute the drug. Accordingly, the district court did not err by admitting testimony regarding such efforts. Alternatively, even if considered "other crimes" evidence, it was nevertheless admissible to show plan, preparation, and opportunity under Rule 404(b).
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3