99 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vicente Cacal RAMISCAL, Defendant-Appellant.
 No. 96-10046.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1996.
Decided Oct. 18, 1996.
 
 Before: WALLACE, HALL, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Vicente Cacal Ramiscal appeals from his convictions for conspiracy to distribute cocaine and crystal methamphetamine and conspiracy to launder money. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Ramiscal contends the district court abused its discretion by admitting Officer McKenzie's testimony regarding his possession of a loaded firearm. We disagree.
 
 
 4
 Even assuming the evidence constituted "other acts" evidence, the district court did not abuse its discretion in admitting it under Federal Rule of Evidence 404(b), inasmuch as it directly corroborated significant testimony given by two prosecution witnesses. United States v. Pitts, 6 F.3d 1366, 1370-71 (9th Cir.1993) (Rule 404(b) evidence can be admitted solely to corroborate crucial prosecution testimony if "the matter corroborated [is] significant and the corroboration [is] direct"). Here, the matter corroborated was the testimony of Galinto and Cabusora that Ramiscal participated in the conspiracy by, among other things, acting as an armed bodyguard for Velasco. Inasmuch as the defense strenuously attacked the testimony of these two witnesses, the testimony of Officer McKenzie "served to reinforce the testimony of the key government witness[es] and, therefore, satisfied the 'significant' prong of the test." Id. at 1371.
 
 
 5
 Officer McKenzie's testimony also satisfies the requirement that it directly corroborate the ultimate fact to be proven. The ultimate fact the government sought to prove was that Ramiscal was part of a conspiracy to distribute drugs. We have recognized the relationship between guns and drug dealers, particularly in the context of Rule 404(b). Id. Here, as in Pitts, there is a direct link between Ramiscal's possession of a loaded firearm during the time of the conspiracy and the drug distributions. Evidence of the possession directly corroborated the testimony of Galinto and Cabusora that they observed Ramiscal acting as Velasco's armed bodyguard in connection with the conspiracy to distribute drugs. Id. (court properly admitted evidence of the defendant's arrest for possession of a shotgun to corroborate a key prosecution witness's testimony "that she was his trusted intermediary who aided him in the distribution of drugs and that she had observed him in these four separate [drug] transactions").
 
 
 6
 Finally, Officer McKenzie's testimony was more probative than prejudicial. The testimony contained no new allegations against Ramiscal, but merely corroborated the prior, challenged testimony of Galinto and Cabusora that they had seen Ramiscal carrying a loaded firearm to protect Velasco.
 
 II
 
 7
 Ramiscal contends that the jury instructions omitted an essential element of the crime of conspiracy. Unfortunately, the briefing and argument leave us in some doubt about what error Ramiscal assigns to the instructions. At times, Ramiscal seems to argue that he could not be convicted unless he knew that the conspiracy's objectives were unlawful. At other times, Ramiscal seems to argue simply that knowledge of an (objectively) unlawful objective is an element of conspiracy. We will treat each possibility in turn.
 
 
 8
 We review jury instructions as a whole to determine if they are misleading or inadequate to guide the jury's deliberations. United States v. Kessi, 868 F.2d 1097, 1102 (9th Cir.1989). Because Ramiscal did not object to these instructions at trial, we also review only for plain error. United States v. Jackson, 84 F.3d 1154, 1158 (9th Cir.1996). Plain error is "clear" or "obvious" error that affected the defendant's substantial rights. United States v. Karterman, 60 F.3d 576, 579 (9th Cir.1995).
 
 
 9
 To the extent that Ramiscal would make knowledge of the law an element of conspiracy, his contention has no merit. While the government must prove the defendant joined a conspiracy knowing of at least one of its objects and intending to help accomplish that object, "[t]here need not, of course, be proof that the conspirators were aware of the criminality of their objective...." Ingram v. United States, 360 U.S. 672, 678 (1959); Cf. United States v. Feola, 420 U.S. 671, 686-87 (1975) (a conviction for conspiracy requires proof of the same degree of criminal intent needed for the substantive offense, which does not require the defendant to "have known that his conduct violated federal law"). The district court's jury instructions here, a virtually unmodified version of Ninth Circuit Model Criminal Instruction 8.05A on conspiracy, complied with these requirements.
 
 
 10
 Neither of the cases on which Ramiscal relies, United States v. Krasovich, 819 F.2d 253 (9th Cir.1987), and United States v. Hegwood, 977 F.2d 492 (9th Cir.1992), cert. denied, 508 U.S. 913 (1993), supports his position. In Krasovich, we held the defendant must know of the object of the conspiracy, but not that the defendant must be aware of the illegality of that object. Krasovich, 819 F.2d at 255. We therefore reversed the defendant's conviction where the evidence was insufficient to prove that he knew of the conspirators' objective. Id. at 256. In Hegwood, the government merely conceded that a conspiracy instruction is erroneous if it does not require proof that the defendant intended to commit the object of the conspiracy, i.e., the substantive crime. Hegwood, 977 F.2d at 492. Here, of course, the district court properly instructed the jury that Ramiscal had to know of one of the objects of the conspiracy and intend to help accomplish it.
 
 
 11
 Ramiscal may also contend that the instructions failed to alert the jury that a conspiracy defendant must have knowledge of one of the conspiracy's unlawful objectives. A few sentences of the jury instructions would arguably permit conviction of a defendant who was aware only of one of the lawful objects of a multiple object conspiracy. The jury was also instructed, however, that "[a] conspiracy is a kind of criminal partnership, an agreement between two or more persons to commit one or more crimes. The crime is the agreement to do something unlawful." Taken as a whole, these instructions were not misleading.
 
 
 12
 Even if the instructions were ambiguous on this point, the error did not affect Ramiscal's substantial rights. Because the Velasco conspiracy had no lawful objectives, the jury could not have been confused. The district judge did not plainly err.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3