133 F.3d 931
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kelly WORTON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee
v.
Ernesto RAYMUNDO, Defendant-Appellant.
 Nos. 96-10232, 96-10250.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1997.
Decided Jan. 16, 1998.
 
 Before HUG, Chief Judge, WALLACE and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kelly Worton and Ernesto Raymundo (collectively "Defendants") appeal their jury convictions for conspiracy to transport stolen goods in interstate commerce, in violation of 18 U.S.C. §§ 371 and 2314. Raymundo also appeals his convictions for money laundering, in violation of 18 U.S.C. § 1956, and for structuring a transaction to avoid filing a currency transaction report ("CTR"), in violation of 31 U.S.C. § 5324. In addition, Raymundo challenges the criminal forfeiture of his property. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm in part and reverse and remand in part.
 
 
 3
 * Defendants first argue that there was insufficient evidence to support their conspiracy convictions. There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Jones, 84 F.3d 1206, 1210 (9th Cir.), cert. denied, 117 S.Ct. 405 (1996).
 
 
 4
 Defendants contend that the government needed to show that they explicitly agreed to ship the goods in interstate commerce and that the government did not meet this burden because Raymundo did not know that Worton would sell the stolen items to out-of-state buyers. However, this court has long held that even though interstate movement is an element of § 2314, knowledge of interstate movement is not an element. See United States v. Vaccaro, 816 F.2d 443, 453 (9th Cir.1987); United States v. Anderson, 532 F.2d 1218, 1230 (9th Cir.1976). The same is true of conspiracy to transport stolen property. See Anderson, 532 F.2d at 1230. As a result, evidence of knowledge that Worton would sell to out-of-state buyers was unnecessary.
 
 
 5
 The government did of course have to show an agreement to transport the stolen goods, but the evidence appears sufficient for the trier of fact to infer one. Raymundo testified that he sold exclusively to Worton. About 50% of Worton's business and 80% of his profits involved chemicals sold to him by Raymundo. Raymundo's manner of delivery--using U-Haul trucks--was unusual for the industry and for Worton's other business dealings. On several occasions, the amount and type of chemicals delivered by Raymundo matched those stolen the previous day. When Raymundo arrived at Worton's warehouse to make a delivery, only Worton was involved. This pattern of behavior supports an inference of an agreement.
 
 
 6
 The government also proved the interstate jurisdictional aspect of the conspiracy. Worton admitted that, after receiving the chemicals from Raymundo, he would sell the chemicals through his business to consumers both inside and outside California.
 
 
 7
 In light of the above evidence, we hold that a rational trier of fact could have concluded that Defendants knowingly conspired to sell and transport stolen chemicals in interstate commerce.
 
 II
 
 8
 Defendants make two challenges to the jury instructions. First, they allege that the conspiracy instruction misstates the elements of a conspiracy. Second, Worton alleges that the district court's "general knowledge" instruction confused the jury as to the specific intent required for conspiracy.
 
 
 9
 * Defendants' first contention is that the district court did not instruct the jury properly because the conspiracy instruction does not require the government to prove the conspirators knew of the illegal nature of the agreement. "Not only must the government prove knowledge of the illegal objective, it must also prove an agreement with a co-conspirator to pursue that objective as a common one." United States v. Krasovich, 819 F.2d 253, 255 (9th Cir.1987). We hold that when reading the entirety of the jury instruction, it is apparent that the district court instructed the jury that, in order to convict, they must find: (1) that Defendants knew of the "unlawful plan"; (2) that they knew the chemicals were "stolen"; (3) that "there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy"; and (4) that "the crime is the agreement to do something unlawful." Thus the district court did not misstate the elements of the conspiracy.
 
 B
 
 10
 Worton next argues that the district court's general knowledge instruction conflicted with the court's specific instructions as to the knowledge element of conspiracy. Relying on United States v. Stein, 37 F.3d 1407, 1410 (9th Cir.1994) (where two instructions conflict, the reviewing court cannot presume that the jury followed the correct one), Worton contends that these conflicting instructions might have led a jury to believe incorrectly that the defendants did not have to know the chemicals were stolen.
 
 
 11
 While we agree that a Stein error was committed, we do not believe it requires reversal in this case. In United States v. Klinger, 128 F.3d 705, 711 (9th Cir.1997), we held that where the party fails to make a specific objection "that the general 'knowingly' instruction conflicted with and effectively eliminated the knowledge elements" of the charged crime, a plain error analysis applies. Worton's counsel never directly raised the Stein problem, nor did he challenge the inclusion of a general knowledge instruction. Therefore, as in Klinger, Worton did not articulate the challenge that he seeks to raise now, that the general knowledge instruction conflicted with the specific instruction. Thus we apply a plain error analysis.
 
 
 12
 Applying a plain error analysis, we hold that reversal is not necessary. Under the fourth prong of the Olano test, the error did not "seriously affect the fairness, integrity, or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 732 (1993). Because there was plenty of evidence that both Worton and Raymundo knew that the goods were stolen, the potential for confusion from the two jury instructions did not cause any actual prejudice to Worton or Raymundo's case, and reversal is unnecessary on this issue. See Johnson v. United States, 117 S.Ct. 1544, 1550 (1997).
 
 III
 
 13
 Defendants next contend that the district court improperly amended the indictment by instructing the jury that it could find Defendants guilty if the jury found an "agreement between two or more persons to transport in interstate commerce." Defendants argue that this language conflicts with the indictment's language, which states that Raymundo and Worton agreed "with each other" to transport stolen goods in interstate commerce. However, Worton and Raymundo were the only two people at trial. Reading the jury instruction as a whole, it is clear that the jury could only convict Defendants if each "became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it." Thus, there was no amendment to the indictment.
 
 IV
 
 14
 Worton also disputes the district court's amount-of-loss calculation, arguing that the court failed to make adequate factual findings. Rule 32(c)(1) of the Federal Rules of Criminal Procedure requires that if a defendant contests the factual accuracy of the presentence report ("PSR"), the court shall, as to each matter controverted, "make a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account ... in sentencings." The district court can satisfy this requirement by adopting the conclusions in the PSR. United States v. Corley, 909 F.2d 359, 362 (9th Cir.1990).
 
 
 15
 At sentencing, the court stated, "As findings of fact I adopt the findings of fact and conclusions of the probation officer insofar as they are objected to by the defendant Worton." We read this sentence as adopting the findings of the original presentence report, calculating the loss at $995,000. Therefore, we conclude that the district court made a sufficient factual finding in satisfaction of Rule 32(c)(1).
 
 V
 
 16
 Raymundo contends that the court erred regarding his CTR counts by failing to instruct the jury that the government needed to prove that he acted with knowledge that his conduct was unlawful. Under the Supreme Court's decision in Ratzlaf v. United States, 510 U.S. 135, 137 (1994), he is correct, and the government concedes that reversal is required. As a result, the convictions on these counts are reversed.
 
 
 17
 Raymundo also challenges the sufficiency of the evidence to support the CTR convictions. We address this claim for double jeopardy purposes. United States v. Steinberg, 99 F.3d 1486, 1493 (9th Cir.1996). Although there was no direct evidence that Raymundo knew of the statute prohibiting the structuring of currency transactions so as to avoid the reporting requirement, the government did present evidence that in two separate instances, bank tellers told Raymundo that the checks he sought to cash would result in the filing of CTRs; in both instances, he structured his transactions. Regardless of whether it was properly instructed, a reasonable jury could have inferred that Raymundo knew that the structuring in which he engaged was unlawful. See Ratzlaff, 510 U.S. at 149 n. 19 ("A jury may, of course, find the requisite knowledge on defendant's part by drawing reasonable inferences from the evidence of defendant's conduct.").
 
 VI
 
 18
 Raymundo also argues that the evidence is insufficient to support the money laundering convictions. Under 18 U.S.C. § 1956, the government needed to prove that (1) the defendant conducted a financial transaction with the proceeds from stolen property; (2) the defendant knew that the funds were proceeds from stolen property; and (3) the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the proceeds. See United States v. Golb, 69 F.3d 1417, 1421-22 (9th Cir.1995), cert. denied, 116 S.Ct. 1369 (1996).
 
 
 19
 Raymundo contends that the transactions did not involve the proceeds of unlawful activity. In particular, he claims that the government did not prove the chemicals Raymundo sold to Worton were stolen. It is true that little direct evidence connected Raymundo to the fifteen separate chemical burglaries, although his truck contained the type of tools used to break into the chemical companies. Nonetheless, there was substantial circumstantial evidence that the goods were stolen. The type and amount of chemicals sold to Worton closely match those stolen from the chemical companies. Raymundo rented a U-Haul truck to make deliveries--a practice that apparently was not common in the industry. The jury could rationally infer that the chemicals were in fact stolen and that Raymundo knew that the money he received from Worton constituted the proceeds of the sale of those stolen chemicals. Raymundo's behavior in converting some of Worton's payments to cashier's checks and in depositing others in the accounts of other people justifies the conclusion that the transaction was designed to conceal the source of the proceeds. In short, we think the evidence sufficed.
 
 VII
 
 20
 Finally, the court ordered forfeiture, pursuant to 18 U.S.C. § 982, of the truck Raymundo was driving when arrested. Section 982 provides for forfeiture of property involved in a variety of crimes, including money laundering, in violation of 18 U.S.C. § 1956. Because we affirm the money laundering convictions, we uphold the forfeiture as well.
 
 
 21
 AFFIRMED IN PART, REVERSED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3