NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

OCT 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-10191 |
| Plaintiff-Appellee, | D.C. No. 3:11-cr-00530-VC-2 |
| v. | |
| JESSICA LYNN SODERLING, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-10309 |
| Plaintiff-Appellee, | D.C. No. 3:11-cr-00530-VC-1 |
| v. | |
| JAY SCOTT SODERLING, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted September 11, 2017
San Francisco, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: SCHROEDER and TALLMAN, Circuit Judges, and WHALEY,** District Judge.

Jay Scott Soderling and Jessica Lynn Soderling appeal their convictions for conspiring to defraud the United States, in violation of 18 U.S.C. § 371. Mr. Sodering also appeals his conviction for tax evasion, in violation of 26 U.S.C. § 7201. We affirm.

1. The absence of jury instructions requiring the jury to find one overt act for the conspiracy charge and one affirmative act for the tax evasion charge within the statute of limitations period does not constitute plain error. Defense counsel did not raise either issue with the instructions before the district court. *See United States v. Kessi*, 868 F.2d 1097, 1102 (9th Cir. 1989) (Federal Rule of Criminal Procedure 30(d) requires a "specific objection" that is "formal, timely, and distinctly stated"). As a result, "there is no error for an appellate court to correct—and certainly no plain error." *Musacchio v. United States*, 136 S. Ct. 709, 718 (2016).

We decline to address the Soderlings' related claim of ineffective assistance of counsel on direct appeal because the record is insufficiently developed. *See*

---

** The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

*United States v. Jeronimo*, 398 F.3d 1149, 1155–56 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc).[1]

**2.**     Sufficient evidence supported the conspiracy conviction.  While there was no direct evidence that Mrs. Soderling knew of Mr. Soderling's tax liabilities, "[t]he existence of a conspiratorial agreement or common purpose may be inferred from the evidence." *United States v. Krasovich*, 819 F.2d 253, 255 (9th Cir. 1987). The Soderlings' conduct, including Mrs. Soderling opening a second personal bank account to receive and manage funds for her husband's business immediately after a levy on the corporate account, "would be reasonably explainable only in terms of motivation to evade taxation." *Ingram v. United States*, 360 U.S. 672, 679 (1959). Sufficient evidence also supports the tax evasion conviction, as during the limitations period, Mr. Soderling made a large number of personal purchases using corporate money, which is powerful evidence of tax evasion.     Similarly, the evidence showed the requisite "deceit, craft or trickery, or . . . means that are dishonest." *Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924).  Proof of dishonest means is necessary to convict under 18 U.S.C. § 371, but "[n]either the

---

[1] For the same reason, we do not address the Soderlings' claim of cumulative error on direct appeal because this claim is based on only two claimed errors, one of which is the ineffective assistance claim.

conspiracy's goal nor the means used to achieve it need to be independently illegal." *United States v. Caldwell*, 989 F.2d 1056, 1059 (9th Cir. 1993), *overruled on other grounds by Neder v. United States*, 527 U.S. 1, 8-9 (1999). Given the actions discussed above, the jury could have reasonably found that the Soderlings engaged in dishonest means beyond a reasonable doubt.

**3.** There was no plain error due to alleged prosecutorial misconduct at closing argument. In assessing prosecutorial misconduct, "the issue is whether, considered in the context of the entire trial, that conduct appears likely to have affected the jury's discharge of its duty to judge the evidence fairly." *United States v. Henderson*, 241 F.3d 638, 652 (9th Cir. 2000) (citation omitted). Here, the prosecutor said that the Soderlings were married at a "key moment" to show that Mrs. Soderling knew of Mr. Soderling's tax liabilities, but the Soderlings were not married at that time. However, this single misstatement did not affect the Soderlings' substantial rights. Evidence at trial demonstrated that Mrs. Soderling was already strongly connected to Mr. Soderling both personally and professionally by the time of the meeting. Moreover, Mrs. Soderling's counsel at closing argument correctly stated that the meeting was "shortly before their marriage." *Cf. United States v. Flores*, 802 F.3d 1028, 1037 (9th Cir. 2015).

**AFFIRMED.**