UNITED STATES of America,
Plaintiff-Appellee,

v.

David John SINN, Defendant-Appellant.

No. 79–1346.

United States Court of Appeals,
Ninth Circuit.

Feb. 19, 1980.

Peter M. Brown, Brown, Baron, Madden & Alle, Beverly Hills, Cal., on brief, for defendant-appellant.

Andrea Sheridan Ordin, U. S. Atty., Steven Kramer, Asst. U. S. Atty., Los Angeles, Cal., on brief, for plaintiff-appellee.

Before KENNEDY and HUG, Circuit Judges, and SMITH,* District Judge.

RUSSELL E. SMITH, District Judge.

Appellant was convicted of possession of cocaine with intent to distribute (21 U.S.C. § 841(a)(1)) and of knowingly importing cocaine (21 U.S.C. §§ 952(a) and 960(a)(1)).

Appellant was apprehended at the Los Angeles airport following a flight from Ecuador and was found carrying a camera case in which was concealed 419.3 grams of cocaine, 73% pure. The only defense was that defendant did not know that the cocaine was in the camera case. The evidence was sufficient to convict, and the only problem is whether the district court erred in admitting evidence of prior misconduct.

It was shown over objection that about five years previously appellant had been in possession of cocaine during an illegal buy-and-sell transaction. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. Such evidence, however, may be admitted for the purpose of proving intent or knowledge. Fed.R.Evid. 404(b). *United States v. Hernandez-Miranda*, 601 F.2d 1104 (9th Cir. 1979). Whether evidence of prior crimes should be admitted is a problem of relevancy, and as to it there is some discre-

tion in the trial court. *United States v. Herrell*, 588 F.2d 711 (9th Cir. 1978), *cert. denied*, 440 U.S. 964, 99 S.Ct. 1511, 59 L.Ed.2d 778 (1979). Where, as here, the sole question is one of intent, we think it within the discretion of the trial court to decide that a previous dealing is relevant on the issue of the knowledge of the participant in a second event, particularly where, as here, there was substantial evidence from which knowledge might be inferred apart from the prior act. We do not believe that *Hernandez-Miranda* requires a different result. In that case the first offense involved marijuana on the person, while the second involved heroin hidden in a car. Here, in both the prior and the subsequent offenses, the identical drug was involved and was found on the person of the appellant.

The judgment is affirmed.