UNITED STATES of America,
Plaintiff–Appellee,

v.

Lavell Ray HEGWOOD; Fred Wilson,
Jr., Defendants–Appellants.

Nos. 91–30189, 91–30204.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 19, 1992.

Decided Oct. 13, 1992.

---

**494**

Roger J. Rosen, Los Angeles, Cal., for defendant-appellant Lavell Hegwood.

Ben W. Pesta II, Sandler, Rolnick & Morse, Los Angeles, Cal., for defendant-appellant Fred Wilson.

Steven E. Skrocki, Asst. U.S. Atty., Anchorage Alaska, for plaintiff-appellee.

Before: HUG, NELSON, and NELSON, Circuit Judges.

D.W. NELSON, Circuit Judge:

Defendants Lavell Hegwood and Fred Wilson appeal their convictions for possession of cocaine with intent to distribute and conspiracy to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846, and use of the mails to facilitate the possession of cocaine, in violation of 21 U.S.C. § 843(b). On appeal, defendants challenge the sufficiency of the evidence on each of the counts, the adequacy of the court's opening and closing instructions to the jury, and the court's admission of evidence of other crimes committed by the defendants. We affirm.

## I. The Conspiracy Instruction

In its opening charge to the jury, the district court defined "conspiracy" as requiring "an agreement between two or more persons to commit a crime, of which either or both Defendants become a mem-

ber, knowing at least one of its objects, and at least one member performs at least one overt act to carry out the conspiracy." The government concedes that this statement of the law was inaccurate because it omitted intent to commit the substantive crime as an element of conspiracy. *See United States v. Indelicato*, 800 F.2d 1482, 1483 (9th Cir.1986). However, the government contends that any error was cured because the district court gave a correct instruction to the jury at the end of the trial.

■ Defense counsel did not object to the initial charge when it was given. In the absence of such an objection, we review jury instructions for "plain error," and we will reverse only in "exceptional circumstances." *United States v. Marsh*, 894 F.2d 1035, 1039 (9th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1143, 107 L.Ed.2d 1048 (1990).

■ Such exceptional circumstances are not present here. Where the instruction challenged is given at the beginning of trial, reversal is unwarranted unless the defendant can prove prejudice or that the jury was materially misled. *Guam v. Ignacio*, 852 F.2d 459, 461 (9th Cir.1988). Specifically, we held in *Ignacio* that "[b]ecause the trial judge used the correct instruction at the end of trial, and because the correct instruction was the only instruction given to the jury to take with them to the jury room, it is presumed that the jury followed the correct instruction." *Id.; see also United States v. Hayes*, 794 F.2d 1348, 1351–52 (9th Cir.1986) (proper subsequent instructions cured erroneous initial charge), *cert. denied*, 479 U.S. 1086, 107 S.Ct. 1289, 94 L.Ed.2d 146 (1987). That is the case here. The district court's error in its initial instruction was cured by its subsequent instruction.[1]

## II. The Interstate Commerce Instruction

■ The district court's instruction to the jury regarding 21 U.S.C. § 843(b) read as follows:

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt, that the defendant used the mail to help bring about the conspiracy to distribute cocaine charged in count I of the indictment or that the defendant used the mail to help bring about possession of cocaine with the intent to distribute charged in count II. Section 843(b) of Title 21 of the United States Code provides in part that it shall be unlawful for any person, knowingly *or* intentionally, to use any communication facility in committing or in causing or facilitating commission of any act or acts constituting a felony.

(Emphasis added). That part of the instruction which instructs the jury on the necessity of finding that the defendant "used the mail" essentially follows the language contained in the *Manual of Model Criminal Jury Instructions for the Ninth Circuit* 9.04E, at 278 (1992). The district court then supplemented the model instruction by adding language which apparently was derived from the statute itself.

21 U.S.C. § 843(b) provides that "[i]t shall be unlawful for any person knowingly *or* intentionally to use any communication facility in committing ... a felony." On appeal, the defendants object to the instruction on the grounds that it improperly relieves the government of the burden of proving intent. Again, because no objection was raised in the district court, we review the instruction for plain error, and

---

1. *Francis v. Franklin*, 471 U.S. 307, 322, 105 S.Ct. 1965, 1975, 85 L.Ed.2d 344 (1985), is not to the contrary. *Francis* held that "[l]anguage that merely contradicts and does not explain a constitutionally infirm instruction will not suffice to absolve the infirmity. A reviewing court has no way of knowing which of the two irreconcilable instructions the jurors applied in reaching their verdict." *Id.* In *Francis*, the district court gave two *closing* instructions which affirmatively contradicted each other. The jury was therefore left in the position of choosing between them. That was not the case here. The erroneous instruction was cured by the subsequent, more complete closing instruction. The closing instruction did not directly contradict the opening instruction. Rather, it merely gave a more complete definition of conspiracy. It stretches credulity to think that the jury disregarded the instruction they had just been given because it included an element that had not been mentioned earlier.

will reverse only in exceptional circumstances. *Marsh,* 894 F.2d at 1039.

Had the district court merely read the model jury instruction, it would have committed plain error, since that instruction makes no reference whatsoever to knowledge or intent. *See Sandstrom v. Montana,* 442 U.S. 510, 521, 99 S.Ct. 2450, 2457, 61 L.Ed.2d 39 (1979) (error to relieve government of burden of proving each element of the crime beyond a reasonable doubt). However, the district court went on to instruct the jury from the language of the statute itself that defendants' use of the mails must be knowing or intentional. While the resulting instruction in its entirety may be less than artful, it is sufficient to inform the jury that they must find knowledge or intent.[2] The instruction taken as a whole does not rise to the level of plain error.

### III.  Evidence of Other Crimes

■■■ At trial, the government introduced evidence from witnesses Patricia Brundage and John Sherald that Hegwood and Wilson had used cocaine the night before and on the day of their arrest, that Wilson had sold cocaine to Brundage and Sherald in the recent past, and that Wilson had put Brundage in touch with a cocaine dealer when they first met, some five years ago. Defendants contend that admission of this evidence over their objection violates Fed.R.Evid. 404(b), which provides that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent,

preparation, plan, knowledge, identity, or absence of mistake or accident.

The district court's decision to admit evidence under Rule 404(b) is reviewed for abuse of discretion. *United States v. Conners,* 825 F.2d 1384, 1390 (9th Cir.1987).

Evidence of Wilson's conduct five years ago was not introduced by the government during its direct examination of Brundage. However, on cross-examination, counsel for Wilson asked Brundage "Do you know Fred Wilson to be a drug dealer?" Brundage then testified that Wilson had referred her to a cocaine dealer when they first met, five years before. On redirect, Brundage testified about four other people she knew who had purchased drugs from Wilson.

■■■ Ordinarily, five-year-old evidence of drug sales will not be particularly probative of intent to sell drugs today. *United States v. Alfonso,* 759 F.2d 728, 740 (9th Cir.1985). However, when the defendant "opens the door" to testimony about an issue by raising it for the first time himself, he cannot complain about subsequent government inquiry into that issue. *United States v. Bailleaux,* 685 F.2d 1105, 1110 (9th Cir.1982). Because Wilson's attorney asked Brundage about Wilson's character as a drug dealer, the government was entitled to put on evidence about his character. *United States v. Segal,* 852 F.2d 1152, 1155 (9th Cir.1988). Furthermore, the testimony of Brundage and Sherald about Wilson's more recent drug sales is clearly admissible to prove intent and knowledge with regard to the current sale. *See, e.g., United States v. Mehrmanesh,* 689 F.2d 822, 832 (9th Cir.1982); *United States v. Sinn,* 622 F.2d 415, 416 (9th Cir.), *cert. denied,* 449 U.S. 843, 101 S.Ct. 124, 66 L.Ed.2d 51 (1980).

---

**2.** Alternatively, defendants point to a Ninth Circuit case which appears to require the government to prove both knowledge *and* intent in order to show a violation of section 843(b). *United States v. Adler,* 879 F.2d 491, 495 (9th Cir.1988) (" 'In order to prove a violation of 21 U.S.C. § 843(b), the government must establish knowing and intentional use of a communications facility ...' ") (quoting *United States v. Phillips,* 664 F.2d 971, 1032 (5th Cir.1981), *cert. denied sub nom. Meinster v. United States,* 457

U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982)). *Adler,* which did not discuss the elements of knowledge or intent, and was merely quoting a Fifth Circuit case, appears to have misstated the elements of the crime. Both the statute itself and prior Ninth Circuit precedent make it clear that the government need prove only knowledge *or* intent. 21 U.S.C. § 843(b); *United States v. Whitten,* 706 F.2d 1000, 1006 (9th Cir.1983), *cert. denied,* 465 U.S. 1100, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984).

There remains defendants' objection to the evidence that they had used cocaine the day of and the night before their arrest. Ordinarily, we have held that evidence of prior drug *use* is not admissible under Rule 404(b) to prove a charge of possession with intent to distribute. *See United States v. Hill,* 953 F.2d 452, 456–58 (9th Cir.1991); *Mehrmanesh,* 689 F.2d at 831–32. In this case, however, the evidence was relevant to two issues other than character. First, the defense theory at trial was that the defendants did not know what was in the package. Evidence of prior involvement with drugs is relevant to prove absence of mistake or accident in this circumstance. *See Marsh,* 894 F.2d at 1038–39 (drug paraphernalia admissible to contradict defendant's claim that she was uninvolved in her husband's drug sales); *United States v. Winn,* 767 F.2d 527, 529–30 (9th Cir.1985) (prior conviction for smuggling aliens admissible to prove defendant's familiarity with alien-smuggling operations).

Second, both Brundage and Sherald testified that Wilson brought the cocaine which all four smoked the day of the arrest, and Brundage testified that Hegwood may have brought the cocaine the night before. We have consistently held that evidence of prior possession or sale of cocaine is relevant under Rule 404(b) to issues of intent, knowledge, and absence of mistake or accident in a prosecution for "possession of, importation of, and intent to distribute narcotics." *Mehrmanesh,* 689 F.2d at 832; *Sinn,* 622 F.2d at 416. Thus, the evidence of Wilson and Hegwood's drug use immediately prior to their arrest was admissible both as proof of prior possession and to rebut their defense of mistake.

## IV. Sufficiency of the Evidence

Both Wilson and Hegwood challenge the sufficiency of the evidence to convict them of each count. The evidence is sufficient to support a conviction as long as, viewing the evidence in the light most favorable to the government, a rational jury could have found the defendants guilty beyond a reasonable doubt of each element of the crime.

*United States v. Medina,* 940 F.2d 1247, 1250 (9th Cir.1991).

### A. Conspiracy

Conspiracy has three elements: agreement to accomplish an illegal objective; one or more overt acts in furtherance of that objective; and the intent to commit the substantive offense. *United States v. Disla,* 805 F.2d 1340, 1348 (9th Cir.1986). In this case, the overt acts on the part of both defendants are clear—both took physical possession of the package containing cocaine. Both Hegwood and Wilson challenge the existence of an agreement and the proof of their intent, however.

An agreement may be proven by circumstantial evidence that the defendants acted together with a common goal. Express agreement is not required; rather, agreement may be inferred from conduct. *Disla,* 805 F.2d at 1348. In this case, Hegwood and Wilson's actions showed a high degree of coordination. They arrived together at Brundage's apartment, apparently with the common purpose of picking up Wilson's package. When the package did not arrive, Wilson left Hegwood at the apartment with instructions to wait for the arrival of the package. Although the package was theoretically addressed to Wilson, Hegwood was the one who described its supposed contents to Brundage and Sherald. Finally, after concluding that the package would not arrive, Hegwood called Wilson to pick him up. When the package did arrive, Wilson told Hegwood to take it to Wilson's car. Hegwood did so, and then waited in the car to leave with Wilson. The high degree of coordination between Wilson and Hegwood is sufficient evidence from which a jury could find agreement. *United States v. Hernandez,* 876 F.2d 774, 778 (9th Cir.) (coordination between defendants is "strong circumstantial evidence of an agreement"), *cert. denied,* 493 U.S. 863, 110 S.Ct. 179, 107 L.Ed.2d 135 (1989).

Defendants argue that the government failed to prove intent because there is no proof that either defendant knew what was in the package. Knowledge of the purpose behind the conspiracy is an essential element of the crime, and

evidence of knowledge must be "clear." *Medina*, 940 F.2d at 1250. The mere presence of a defendant in suspicious circumstances is not enough to imply knowledge. *United States v. Ocampo*, 937 F.2d 485, 489 (9th Cir.1991). In this case, however, the government has presented sufficient facts from which the jury could infer knowledge and intent on the part of both Wilson and Hegwood.

Wilson had sold cocaine on a number of prior occasions, and had brought cocaine with him to Brundage's apartment both the night before and the day of his arrest. He waited for a mail package (or had Hegwood do so) continuously for two days at Brundage's apartment, even though Sherald or Brundage were there almost the entire time and could have received the package for him. When the package arrived, Wilson acknowledged it as his own and either he or Hegwood instructed Brundage to sign for it, even though it was addressed to a nonexistent Julie Richardson. He then instructed Hegwood to take the package, which had been mailed from a "Book Store" even though it supposedly contained court transcripts relating to his child custody dispute, and the two immediately left the apartment. When the police approached Wilson's car, Wilson fled and was apprehended outside the door of Brundage's apartment.[3] Taken together, there is ample evidence that Wilson knew that the package contained cocaine and intended to receive that cocaine.

Many of the same facts provide evidence of Hegwood's intent. Hegwood arrived with Wilson, and stayed for two days waiting for Wilson's package. He claimed that the package they were waiting for belonged to Wilson and contained court transcripts. Nonetheless, he recognized and picked up the package even though it was addressed to "Julie Richardson" and even though it was sent from a "Book Store" in California. He then carried the package to Wilson's car, and waited there for Wilson. In addition, there was evidence that Hegwood might have brought cocaine with him

to Brundage's apartment, and that he may have instructed Brundage to sign for the package addressed to "Julie Richardson." Given the suspicious nature of the package and the actions of both defendants, and the close coordination between them, a rational jury could find that they conspired together to receive cocaine.

### B. Possession

Possession with intent to distribute cocaine requires that the government prove (1) actual possession, dominion or control of the cocaine, (2) knowledge that the substance is cocaine, and (3) intent to distribute. *See United States v. Behanna*, 814 F.2d 1318, 1319 (9th Cir.1987); *United States v. Batimana*, 623 F.2d 1366, 1369 (9th Cir.), *cert. denied*, 449 U.S. 1038, 101 S.Ct. 617, 66 L.Ed.2d 500 (1980). Co-conspirators are jointly liable for the acts of any conspirator done in furtherance of the conspiracy. *Pinkerton v. United States*, 328 U.S. 640, 646–47, 66 S.Ct. 1180, 1183–84, 90 L.Ed. 1489 (1946).

In this case, defendants concede that Hegwood was in actual possession of the package. As discussed above, there was sufficient evidence for the jury to find that Hegwood and Wilson knew the package contained cocaine and conspired together to possess that cocaine. Intent to distribute may be inferred solely from the volume of the substance possessed—here, approximately three kilograms. *United States v. Valentin*, 569 F.2d 1069, 1071 (9th Cir.1978). As co-conspirators, both Hegwood and Wilson are therefore liable for possession of cocaine.

### C. Use of the Mails

21 U.S.C. § 843(b) makes unlawful the "knowing or intentional use of a communications facility" to facilitate a felony. Here, it is unquestionable that Wilson made "knowing or intentional use" of the mails, since he arranged for a package to be delivered to him under a fictitious name at Brundage's apartment. Wilson clearly knew several days in advance that the

---

**3.** A defendant's flight is evidence that he knows his conduct is illegal. *United States v. Chambers*, 918 F.2d 1455, 1458 (9th Cir.1990). While Wilson's flight is consistent with the defense's theory—that he fled because he was carrying ⅛ of an ounce of cocaine in his shoe—it is also consistent with guilty knowledge of the contents of the package.

package would be arriving there, since he asked Sherald for permission to receive a package at the apartment. Defendants' only challenge to the sufficiency of the evidence for this count is their claim that they did not know what the package contained. As noted above, there was sufficient evidence for the jury to find that both defendants knew that the package contained cocaine. There is therefore sufficient evidence to convict Wilson (and, under *Pinkerton,* co-conspirator Hegwood as well) of using the mails to facilitate the commission of a felony—possession of cocaine.

### CONCLUSION

The convictions of Wilson and Hegwood are affirmed.

AFFIRMED.