141 F.3d 1180
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Javier GUTIERREZ GARCIA, Defendant-Appellant.
 No. 97-50211.
D.C. No. CR-96-01602-EJS.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1998**.
Decided March 13, 1998.
 
 Appeal from the United States District Court for the Southern District of California Edward J. Schwartz, District Judge, Presiding.
 MEMORANDUM*
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 Javier Garcia appeals his jury conviction and 41-month sentence for importation of marijuana, and possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 952, 960, and 841(a)(1). We have jurisdiction pursuant to 21 U.S.C. § 1291, and we affirm.
 
 
 2
 Garcia contends that the district court violated his Fifth Amendment rights by instructing the jury that it could consider his omitted statements after he did not make any post-arrest statements regarding the offense or testify at trial. This contention lacks merit.
 
 
 3
 A district court's formulation of jury instructions is reviewed for abuse of discretion. See United States v. de Cruz, 82 F.3d 856, 864 (9th Cir.1996). In reviewing jury instructions, the relevant inquiry is whether the instructions as a whole are misleading or inadequate to guide the jury's deliberations. See id .
 
 
 4
 Part of the instruction, as read to the jury was, "[y]ou may consider statements made and done or omitted by the defendant, and all other facts and circumstances in evidence which indicate his state of mind." The defendant objected to this instruction. Defense counsel suggested that the word "omitted" be deleted because the jury "might be able to infer that they are allowed to consider that my client did not testify." On appeal, Garcia raises an additional contention that this instruction could have allowed the jury to consider post-arrest silence and that there should have been an additional instruction regarding post-arrest silence. Because the district court gave a separate instruction regarding Garcia's right not to testify, and because the district court told the jury that they were not to single out some instructions and ignore the others, but should consider the instructions as a whole, the jury was properly instructed. Cf. Franklin v. Duncan, 70 F.3d 75, 77 (9th Cir.1995) (trial court's instructions that jury could construe silence as an adoptive admission violated petitioner's Fifth Amendment right against self-incrimination) (2254); Cf. United States v. Soulard, 730 F.2d 1292, 1307 (9th Cir.1984) (requiring cautionary instruction regarding defendant's right not to testify and explaining that no adverse inferences could be drawn against defendant.) Viewing the instructions as a whole, they were not misleading or inadequate. See de Cruz, 82 F.3d at 864. Accordingly, the district court did not abuse its discretion by instructing the jury on intent. See id.
 
 
 5
 Garcia further contends that the district court violated his Fifth Amendment rights by instructing the jury on knowledge. This contention lacks merit.
 
 
 6
 When there is no objection to the jury instruction at the time of trial, we review for plain error only. See United States v. Ripinsky, 109 F.3d 1436, 1443 (9th Cir.), cert. denied, 118 U.S. S.Ct. 970 (1997). Under plain error analysis, in order to reverse, we must find: (1) an error; (2) that is plain; and (3) that affects substantial rights. See United States v. Olano, 507 U.S. 725, 732-35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); United States v. Perez, 116 F.3d 840, 846 (9th Cir.1997) (en banc).
 
 
 7
 The district court instructed the jury using Ninth Circuit Model Instruction 5.06, that "[y]ou may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence in deciding whether the defendant acted knowingly." Because Garcia did not object, we review for plain error. See Ripinsky, 109 F.3d at 1443. Garcia argues that because he did not testify at trial, the instruction invited the jury to draw an adverse inference from his failure to testify. First, there was no error. The inclusion of the word "omission" permits the jury to consider "evidence" not only of affirmative acts by the defendant, but also of omissions affecting the issue of knowledge. Because only evidence can be considered, and there was no evidence regarding Garcia's post-arrest silence or failure to testify, there was no evidence of an omission. Furthermore, the jury was instructed not to consider the failure of the defendant to testify, to consider only evidence admitted, and to take the instructions as a whole. Thus, the use of Ninth Circuit Model Instruction 5.06, was not plain error. See United States v. Hegwood, 977 F.2d 492, 496 (9th Cir.1992) (although a jury "instruction in its entirety may be less than artful, it is sufficient to inform the jury that they must find knowledge or intent").
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3