**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jose Alfredo BOUBION, Defendant—
Appellant.**

No. 02–10431.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 2003.

Decided June 11, 2003.

Before: GRABER, WARDLAW, and
BYBEE, Circuit Judges.

MEMORANDUM *

A jury convicted Defendant of one count of theft of mail, 18 U.S.C. § 1708, and one count of theft of mail by a postal employee, 18 U.S.C. § 1709. He appeals his conviction and sentence.

1. *Evidence of Prior Investigation of Embezzlement*

This evidence was relevant to counter Defendant's testimony that he was the target of a conspiracy and was being picked on unfairly instead of being investigated for a legitimate reason. The evidence of the prior investigation was admissible because it was used to demonstrate something other than Defendant's character or propensity to steal. *See* Fed.R.Evid. 404(b); *United States v. Rrapi*, 175 F.3d 742, 748 (9th Cir.1999).

Moreover, "when the defendant 'opens the door' to testimony about an issue by raising it for the first time himself, he cannot complain about subsequent government inquiry into that issue." *United States v. Hegwood*, 977 F.2d 492, 496 (9th Cir.1992). Here, as trial counsel conceded, Defendant opened the door to evidence about the embezzlement investigation.

2. *Obstruction of Justice*

The district court did not clearly err in applying an enhancement under U.S.S.G. § 3C1.1. The court properly found that Defendant willfully attempted to obstruct justice by testifying falsely about a materi-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

al issue, specifically, his reasons for opening the decoy package. *See United States v. Shannon,* 137 F.3d 1112, 1119 (9th Cir. 1998) (per curiam) (stating standard).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

