**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Anthony QUINONES, aka Fred,**
**aka Ray Anthony Quinones,**
**Defendant—Appellant.**

No. 03–50203.

D.C. No. CR–02–00800–GAF–1.

United States Court of Appeals,
Ninth Circuit.

June 14, 2005.

Matthew Umhofer, USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Jerry Sies, Los Angeles, CA, for Defendant–Appellant.

Before BROWNING, RYMER, and GRABER, Circuit Judges.

### MEMORANDUM *

On certiorari, the Supreme Court vacated our previous judgment and remanded this case for further consideration in light of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Defendant Anthony Quinones appeals his conviction of conspiracy to possess methamphetamine with intent to distribute, in violation of 21 U.S.C. § 846, and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

1. Defendant argues that the district court erred when it permitted the Government in its rebuttal case to introduce evidence of his 1999 state-court conviction for possession of methamphetamine. He argues that the 1999 conviction was not relevant to a disputed issue at trial and, therefore, was not admissible under Federal Rule of Evidence 404(b). We review de novo the relevance of evidence of other acts to the crime charged. *United States v. Castillo,* 181 F.3d 1129, 1134 (9th Cir. 1999).

Evidence of Defendant's 1999 conviction for possession of methamphetamine was relevant because it tended to establish knowledge, which is a necessary element of a narcotics conspiracy. *United States v. Montgomery,* 150 F.3d 983, 1001 (9th Cir. 1998). Defendant's theory of defense, which he supported with testimony of two witnesses, was that he was "merely present" in the same location as the drugs, but was not an active participant in any conspiracy to distribute them. Accordingly, he placed at issue the question of his knowledge; an earlier conviction of pos-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

sessing the same drug was relevant to that issue.

Even assuming (without deciding) that the trial court erred in instructing the jury that the evidence also was relevant to Defendant's intent, any such error was harmless beyond a reasonable doubt.

2. We remand the sentence, and consideration of the remaining issues, to the district court for reconsideration in light of *Booker,* 125 S.Ct. 738, and *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).

AFFIRMED in part; REMANDED in part.

BROWNING, Circuit Judge, dissenting from disposition on remand.

I continue to dissent from Part 1 of the majority's disposition. The admission of the prior conviction was an abuse of discretion. Any probative value the prior act evidence held was substantially outweighed by its prejudicial impact. *See* Fed.R.Evid. 403; *McEuin v. Crown Equip. Corp.,* 328 F.3d 1028, 1032 (9th Cir.2003).

Quinones' prior conviction supported an irrelevant inference that having seen methamphetamine before, Quinones would recognize it upon seeing it again. This inference had no bearing on the critical knowledge element required to prove a narcotics conspiracy. *See United States v. Hegwood,* 977 F.2d 492, 497-98 (9th Cir.1992). Likewise, with no showing of a common base of knowledge, common *modus operandi,* or similarity of circumstances, evidence that Quinones was convicted of a methamphetamine-related offense in 1999 said nothing about

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

his intent to sell methamphetamine three years later.