**UNITED STATES Of America,
Plaintiff–Appellee,**

v.

**Francisco S. PEREZ, II, Defendant–
Appellant.**

**No. 04–10138.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 16, 2005.*

Decided July 14, 2005.

---

Bruce M. Ferg, Esq., USTU—Office of the U.S. Attorney, Sean Chapman, Esq., Law Office of Sean Chapman, Tucson, AZ, for Plaintiff—Appellee.

Jack Lansdale, Tucson, AZ, for Defendant—Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: REAVLEY,** T.G. NELSON, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

■ We affirm the conviction because the evidence sufficiently supports the jury's finding that Perez was involved in a conspiracy to possess and distribute marijuana:

1) In Perez's condo, agents found a 10.9 pound bundle of marijuana, scales, wrapping material, loaded guns, and surveillance cameras. These items are evidence of both an intent to distribute and of a conspiracy.

2) Perez and his co-conspirator, Aguilar, worked together to get rid of the marijuana by putting it in a dumpster when they discovered that they were under surveillance, and it was Aguilar who left the duffle bags full of drugs and money at Perez's neighbor's back door. The packaging for the duffle bags found in Perez's condo indicates that the duffle bags came from Perez's condo.

3) Aguilar and Perez were also tied to the marijuana found in a black suitcase in the white sedan stopped by agents after the vehicle left Perez's parking lot. The white sedan left the condo parking lot in tandem with a black truck. Another co-conspirator, Amarillas, ended up in the white sedan with the marijuana, and he was originally seen leaving the condo with Perez. Amarillas took one of the men from the black truck into the complex in the direction of Perez's condo.

4) The amount of marijuana recovered by the agents and the packaging, the scales, the surveillance equipment, and the firearms found in Perez's condo indicate an intent to distribute. *See United States v. Hegwood,* 977 F.2d 492, 498 (9th Cir.1992); *see also United States v. Innie,* 7 F.3d 840, 844–45 (9th Cir.1993).

■ For the first time on appeal, Perez argues that he is entitled to be resentenced because the district court enhanced his sentence based on factors not found by the jury. In accordance with this court's decision in *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005), we remand the case to the district court for the limited purpose of assessing the existence of plain error.

CONVICTION AFFIRMED; SENTENCE REMANDED.

---

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. Rule 36–3.