**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 07 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50164 |
| Plaintiff-Appellee, | D.C. No. 2:09-cr-01131-JHN-6 |
| v. | |
| NICHOLAS JAMES DINARDO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. Nguyen, District Judge, Presiding

Argued and Submitted May 7, 2013
Pasadena, California

Before: PAEZ and IKUTA, Circuit Judges, and EZRA, District Judge.[**]

Nicholas James Dinardo appeals his conviction and 121-month sentence for

conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable David A. Ezra, District Judge for the U.S. District Court for the District of Hawaii, sitting by designation.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate Dinardo's conviction.

Dinardo moved for a judgment of acquittal at the close of the government's case but did not renew his motion at the close of the evidence. We review the denial of a non-renewed motion for acquittal for plain error. *United States v. Cruz*, 554 F.3d 840, 844 (9th Cir. 2009). However, "plain-error review of a sufficiency-of-the-evidence claim is only 'theoretically more stringent' than the standard for a preserved claim," which asks whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the offense beyond a reasonable doubt. *United States v. Flyer*, 633 F.3d 911, 917 (9th Cir. 2011) (quoting *Cruz*, 554 F.3d at 844).

The government based its case on evidence that Dinardo agreed to purchase a large quantity of drugs and that his suppliers knew he planned to redistribute the drugs in Canada. To establish a drug-distribution conspiracy, however, the government had to show more than that Dinardo's suppliers *knew* he planned to resell the drugs; it had to show that Dinardo and his suppliers had *agreed* that Dinardo would do so. *See United States v. Ramirez*, No. 11-50346, 2013 WL 1789529, at *4 (9th Cir. Apr. 29, 2013) (citing *United States v. Lennick*, 18 F.3d 814, 818 (9th Cir. 1994)). Express agreement is not required; an agreement may

be inferred from conduct. *See United States v. Hegwood*, 977 F.2d 492, 497 (9th Cir. 1992). "In the end, what we are looking for is evidence of a prolonged and actively pursued course of sales coupled with the seller's knowledge of and a shared stake in the buyer's illegal venture." *Ramirez*, 2013 WL 1789529, at *5 (quoting *United States v. Thomas*, 284 F.3d 746, 752 (7th Cir. 2002)).

Even viewing the evidence in the light most favorable to the prosecution, however, there was no agreement here. First, the government's case was based not on "evidence of a prolonged and actively pursued course of sales," *Ramirez*, 2013 WL 1789529, at *5, but on a single failed drug transaction. While this, alone, is not fatal to the government's case, the government also failed to present any evidence that Dinardo and his suppliers had a "shared stake" in his illegal venture. The government presented no evidence, for example, that Dinardo's suppliers "fronted" him drugs on credit or expected to share in the profits he made from redistribution. *See United States v. Webster*, 623 F.3d 901, 907 (9th Cir. 2010) (affirming conspiracy conviction where defendant received kickbacks from buyer and fronted drugs on credit, showing shared stake in profits); *United States v. Mincoff*, 574 F.3d 1186, 1194 (9th Cir. 2009) (affirming conspiracy conviction where seller's fronting of drugs "demonstrated mutual trust" and showed shared stake in buyer's successful retail sales). Instead, the evidence showed that

Dinardo's suppliers required him to pay cash in full, making their profit at the point of sale. *See Thomas*, 284 F.3d at 753 (finding no shared stake where defendant's profit "did not depend on [his buyers'] subsequent success in distributing the cocaine"). Nor was there any evidence that Dinardo's suppliers helped him redistribute the drugs, connected him with potential customers, or had any other personal involvement with Dinardo's retail sales. *See Webster*, 623 F.3d at 907 (finding that seller's assistance with buyer's "downstream distribution" was evidence of shared stake). Even evidence that Dinardo's suppliers drove him around town and bought him lunch while awaiting the drugs is not evidence of more than a buyer-seller relationship. *See Thomas*, 284 F.3d at 753 (explaining that evidence that defendant "was attempting to accommodate [the buyer] . . . and so to retain her as a customer" was not evidence of a shared stake in retail sales).

As in *Ramirez*, therefore, "the government presented no evidence indicating that [the seller] had any kind of involvement in [the buyer's subsequent] drug sales" and no evidence of an "agreement [to] . . . 'further distribute the drugs.'" 2013 WL 1789529, at *5 (quoting *Lennick*, 18 F.3d at 819). In the absence of such evidence, a rational jury could not have found beyond a reasonable doubt that Dinardo was a conspirator rather than merely a buyer, and it was clear error to deny Dinardo's motion for acquittal.

Accordingly, we **REVERSE** the judgment and **VACATE** Dinardo's sentence and conviction. We need not and do not reach the other issues presented on appeal.