**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30407 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00208-EJL-2 |
| v. | |
| ROLONDO F. GONZALEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted March 3, 2014[**]
Portland, Oregon

Before:   TROTT and W. FLETCHER, Circuit Judges, and BLOCK, Senior
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Frederic Block, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

Defendant appeals his conviction and sentence for one count of conspiracy to distribute methamphetamine and three counts of distribution of methamphetamine. We affirm.

The district court acted within its discretion in instructing the jury on willful blindness. A willful-blindness instruction is appropriate where the jury, even if it rejects the Government's case as to actual knowledge, could rationally find that defendant was willfully blind to a high probability of criminality. *See United States v. Heredia*, 483 F.3d 913, 922–24 (9th Cir. 2007) (en banc). Here, a jury could rationally find that the suspicious circumstances surrounding the transactions (exchanging coffee cups and fast-food bags at a gas station or by the side of the road) suggested to defendant that there was a high probability he was participating in an illegal venture. Moreover, during his interactions with Undercover Detective Bustos, defendant made numerous statements that would be meaningless outside the context of specific drug transactions. Those statements strongly suggest that defendant believed there was at least a high probability he was distributing methamphetamine.

Assuming defendant did not actually know—though he strongly suspected—that the bags and cups contained methamphetamine, not looking in the containers is a deliberate action taken to avoid actual knowledge. His failure to

take basic investigatory steps or to follow up on suspicions of illegality is the very essence of willful blindness. *See United States v. Jewell*, 532 F.2d 697, 704 (9th Cir. 1976) (en banc). The willful-blindness instruction was warranted in this case and the district court did not err in giving it.

Defendant also challenges the sufficiency of the evidence supporting his conviction for conspiracy to distribute methamphetamine. Because defendant failed to move for an acquittal at the close of evidence, we review for plain error. *United States v. Stauffer*, 922 F.2d 508, 511 (9th Cir. 1990).

To establish a conspiracy to distribute methamphetamine, the Government must show an agreement to accomplish an illegal objective and the intent to commit the underlying crime. The Government must provide "clear" evidence of the defendant's knowledge of the purpose behind the conspiracy. *United States v. Romero*, 282 F.3d 683, 687 (9th Cir. 2002).

Defendant argues that the Government failed to show an agreement to distribute methamphetamine. But circumstantial evidence may be sufficient to show the existence of an agreement. *See, e.g.*, *United States v. Monroe*, 552 F.2d 860, 863 (9th Cir. 1977). There is ample such evidence in this case. Bustos called defendant's putative coconspirator, Polo, to arrange for purchase of methamphetamine, and on three occasions, defendant met Bustos to conduct the

3

transaction. This strongly suggests that defendant had agreed to assist Polo in distributing the methamphetamine. Coordination between putative coconspirators is "strong circumstantial evidence" of an agreement. *United States v. Hegwood*, 977 F.2d 492, 497 (9th Cir. 1992). That agents observed defendant's car stop at Polo's residence immediately after the third methamphetamine transaction, and that defendant made a statement to Bustos identifying Polo as a source for further methamphetamine purchases, *see United States v. Stewart*, 770 F.2d 825, 832 (9th Cir. 1985), are further circumstantial evidence of an agreement.

There was also sufficient evidence that defendant was aware of the conspiracy's purpose. A rational trier of fact could have concluded from the Government's evidence of defendant's behavior and statements during the transactions that defendant knew that the cups and bags he gave to Bustos contained methamphetamine.

**AFFIRMED.**

4