NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-10207 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00323-VC-3 |
| v. | |
| MICHAEL PON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted December 6, 2019[**]
San Francisco, California

Before: W. FLETCHER and MILLER, Circuit Judges, and PREGERSON,[***]
District Judge.

Following a jury trial, Michael Pon was convicted of one count of

conspiracy to distribute methamphetamine or possess methamphetamine with

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

intent to distribute, in violation of 21 U.S.C. § 846, and two counts of distribution of methamphetamine or possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Pon now appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

When considering a challenge to the sufficiency of the evidence, we "construe the evidence 'in the light most favorable to the prosecution,' and only then determine whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original). Although we review de novo, "our evaluation remains deferential and accords respect to the jury's role 'as weigher of the evidence.'" *United States v. Moe*, 781 F.3d 1120, 1124 (9th Cir. 2015) (quoting *Jackson*, 443 U.S. at 319).

Pon does not challenge the government's evidence of what he describes as "Lino's drug conspiracy," so named for his co-defendant Flavia Lino, but he argues that there was insufficient evidence of his agreement to participate in that conspiracy. "To establish a drug conspiracy, the government must prove: 1) an agreement to accomplish an illegal objective; and 2) the intent to commit the underlying offense." *United States v. Barragan*, 263 F.3d 919, 922 (9th Cir. 2001) (quoting *United States v. Iriarte-Ortega*, 113 F.3d 1022, 1024 (9th Cir. 1997)).

"An agreement may be proven by circumstantial evidence that the defendants acted together with a common goal. Express agreement is not required; rather, agreement may be inferred from conduct." *United States v. Hegwood*, 977 F.2d 492, 497 (9th Cir. 1992).

Construing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that Pon agreed to join the conspiracy as early as January 16, 2014, the date of the first drug sale. The government presented evidence that on that day, Pon drove to the residence of Lino and her then-fiancé, Kenneth Ng, picked them up, drove them to the sale location, waited while Lino conducted the pre-arranged methamphetamine sale, and then drove them home— despite the fact that Lino and Ng each had access to other vehicles. After Pon parked the car, Lino and Ng went inside the residence while Pon spoke briefly with the driver of a different car. Pon and the unidentified person then entered the residence for about five minutes before they each got back in their cars and drove away. Pon's behavior was not "consistent with that of an innocent person having no stake or interest in drug transactions." *United States v. Sanchez-Mata*, 925 F.2d 1166, 1168 (9th Cir. 1991) (quoting *United States v. Penagos*, 823 F.2d 346, 349 (9th Cir. 1987)).

Whether or not that evidence would have been sufficient by itself, the government also introduced Lino's recorded statements to an undercover officer

concerning Pon's role in the conspiracy. Lino stated that the conspirators were her, Ng, and her cousin, and that there was "nobody else." Lino confirmed that Pon was the person she referred to as her "cousin," explaining that he was her fiancé's friend from elementary school. Lino told the officer, "Mike, he wants the money first," and later said, "he's the head man." The officer testified that he believed that "head man" was a reference to Pon, and "that he was ultimately the guy calling the shots for her little organization." While those recorded conversations occurred in March and April 2014, a rational juror could have found the facts they revealed to have been as true in January as they were in the spring.

Because we find that Pon's conspiracy conviction was supported by sufficient evidence, we reject Pon's other challenges. Pon recognizes that the validity of his convictions rests on whether there is legally sufficient evidence of his participation in that drug conspiracy. There is no dispute that Pon's other convictions are based on offenses committed by co-conspirators during the course and in furtherance of the conspiracy.

Finally, Pon's due process challenge lacks merit. The *Pinkerton* jury instruction did not violate Pon's due process rights because his role in the conspiracy cannot be characterized as "extremely minor." *United States v. Bingham*, 653 F.3d 983, 997 (9th Cir. 2011).

Pon's motion to supplement the record is **GRANTED**.

4

**AFFIRMED**.