NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50237 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-608 |
| v. | |
| ANTHONY PAUL DE LA TORRIENTE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted April 16, 2021
Pasadena, California

Before: PAEZ and VANDYKE, Circuit Judges, and KORMAN,** District Judge.

Defendant-Appellant Anthony Paul De La Torriente appeals from a judgment

of conviction entered after a jury convicted him of one count of sexual abuse of, and

one count of abusive sexual contact with, victim A.B. During a cruise with their

cheerleading team, De La Torriente and A.B. went ashore in Mexico with several

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

friends. A.B. drank heavily throughout the day and was "[e]xtremely intoxicated" by the time she re-boarded the ship. ER 142–43. A.B.'s friends helped get her back to her room and prepared her for bed. The group talked with A.B., who jumped between topics while "slurring her speech" and getting emotional. *Id.* at 151, 800. Eventually, the group decided to leave to get food. De La Torriente "volunteered to stay behind" with A.B., who fell asleep. *Id.* at 151–52, 248, 263, 800. Later, A.B. "woke up to [De La Torriente] pulling down [her] underwear" before committing a sexual act without her consent. *Id.* at 772, 774–78. Shortly after, De La Torriente was interrupted by the sound of their friends returning.

A.B. "tried to tell [her friends] that something had happened," but "was still intoxicated" and unable to articulate her thoughts. ER at 778–79. A.B. "stumbl[ed] through her words" several times before screaming that De La Torriente had hurt her. *Id.* at 157, 254–55, 779. Medical staff on the ship conducted a sexual assault exam on A.B., which recovered DNA traces matching De La Torriente's profile. De La Torriente denied that he had sex with A.B., a position he maintained during the subsequent federal investigation.

On appeal, De La Torriente argues that (1) the evidence was insufficient to convict him on the sexual abuse count, (2) the district court erred by giving a jury instruction on sexual abuse that was unduly confusing and impermissibly lowered the required showing, and (3) a new trial is warranted on both counts because the

2

prosecutor committed misconduct during closing arguments. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Viewed in the light most favorable to the prosecution, the evidence was sufficient to support De La Torriente's conviction for sexual abuse. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also United States v. Nevils*, 598 F.3d 1158, 1165–67 (9th Cir. 2010) (en banc). The statute prohibits "knowingly . . . engag[ing] in a sexual act with another person if that other person is . . . physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act." 18 U.S.C. § 2242(2)(B). The jury had ample evidence from which it could rationally conclude that A.B. was "physically hampered due to sleep [and] intoxication and thereby rendered physically incapable" of declining participation in, or communicating unwillingness to engage in, the sex act that De La Torriente committed. *United States v. James*, 810 F.3d 674, 681 (9th Cir. 2016).

2. We review de novo whether a jury instruction accurately describes the elements of a crime, and for abuse of discretion whether an instruction is unduly confusing. *United States v. Heredia*, 483 F.3d 913, 921 (9th Cir. 2007) (en banc). The district court used a jury instruction that incorporated — nearly verbatim — language taken from *James*. Specifically, the judge charged that "[a] person need not be physically helpless to be physically incapable of declining participation in or communicating unwillingness to engage in a sexual act." ER 860; *cf. James*, 810

3

F.3d at 681.

The borrowing of this language in a jury instruction, where it lacked context and elaboration found in the opinion, may have been "less than artful," *United States v. Hegwood*, 977 F.2d 492, 496 (9th Cir. 1992), but it did not render the instruction "as a whole . . . misleading or inadequate to guide the jury's deliberation." *United States v. Hofus*, 598 F.3d 1171, 1174 (9th Cir. 2010) (internal quotation marks and citation omitted). And while De La Torriente objected to the instruction at trial, he did not propose an alternative that better explained the language he argues was misleading. Instead, he requested that the district court remove the *James* language altogether and simply recite the statute. Finally, in light of all the evidence, any error that might have arisen from the jury instruction was harmless. *See United States v. Munguia*, 704 F.3d 596, 598, 604–05 (9th Cir. 2012).

3.     De La Torriente argues that the prosecutor committed misconduct by attributing the words "I'll take care of her" to him during closing arguments because that precise quotation was not in evidence. ER 862, 869, 1329, 1346, 1362. We agree with the district court that the prosecutor's comments were a reasonable facsimile of testimony by other witnesses that fell within "the wide latitude both prosecutors and defense attorneys are allowed in closing argument." *United States v. Sayetsitty*, 107 F.3d 1405, 1409 (9th Cir. 1997) (internal quotation marks omitted).

One of A.B.'s friends testified that De La Torriente "volunteered to stay

4

behind" and another said that he "mentioned he would stay back just to watch over" A.B. while they were gone. ER 152, 248. The ship's Chief Security Officer testified that De La Torriente told him in an interview conducted on the night of the crime that De La Torriente "stayed with [A.B.] allegedly to assist her." *Id.* at 303. Even assuming that the prosecutor overstepped by framing the words as a quotation rather than a paraphrase of other testimonies, the error was harmless because this distinction in presentation could not have "materially affected the fairness of the trial." *United States v. Hermanek*, 289 F.3d 1076, 1102 (9th Cir. 2002).

**AFFIRMED.**