**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-119 |
| Plaintiff - Appellee, | D.C. No. 1:21-cr-00136-HG-1 |
| v. | |
| OMAR AGOR, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Argued and Submitted February 12, 2025
Honolulu, Hawaii

Before: S.R. THOMAS, BRESS, and DE ALBA, Circuit Judges.

Omar Agor, Jr., appeals his conviction and sentence for one count of theft by a bank agent under 18 U.S.C. § 656. We have jurisdiction under 28 U.S.C. § 1291, and we affirm Agor's conviction and sentence.

1. The district court did not violate Agor's public trial right. "[T]he right to a public trial does not extend to every moment of trial" and is not impacted by

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

courtroom closures that are "technical and administrative." *United States v. Ivester*, 316 F.3d 955, 959 (9th Cir. 2003). We find it unnecessary to decide whether Agor's claims are subject to plain error review because the district court did not violate the Sixth Amendment right to a public trial in briefly closing the courtroom on three occasions.

The first closure to question a juror about external research was proper. The district court could have conducted the same questioning in chambers. As we observed in *Ivester*, "[b]ecause a trial judge may question a juror alone in chambers, without the public present, *a fortiori* the judge may do so with the parties and counsel present." *Id.* Similarly, the second closure (assuming it occurred, which the parties dispute) was not error because instructing an alternate juror to wear a face mask merely addressed an "administrative jury problem." *Id.* at 960.

Lastly, the third closure to discuss whether a witness should obtain counsel had "no bearing on [the defendant's] ultimate guilt or innocence." *Id.* The closure also did not necessarily implicate the values of "ensuring fair proceedings, reminding the prosecutor and judge of their grave responsibilities, discouraging perjury, and encouraging witnesses to come forward." *United States v. Ramirez-Ramirez*, 45 F.4th 1103, 1111 (9th Cir. 2022) (quoting *United States v. Rivera*, 682 F.3d 1223, 1229 (9th Cir. 2012)). It thus "fail[ed] to 'implicate the constitutional guarantee.'" *See id.* (quoting *Rivera*, 682 F.3d at 1229). The proceeding was held

in the presence of government counsel, defense counsel, and the defendant, and the transcript was later made publicly available. In these circumstances, there was no Sixth Amendment violation.[1]

2. Agor argues that the prosecution's examination of witnesses and closing statement constitute reversible plain error. *See United States v. Alcantara-Castillo*, 788 F.3d 1186, 1191 (9th Cir. 2015) (explaining that when assessing the combined effect of multiple errors, "only as to some of which the defense registered a timely objection, we apply the plain error standard"). Under this standard, if Agor first shows "(1) error, (2) that is plain, and (3) that affects substantial rights," we may grant relief only if "(4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Parlor*, 2 F.4th 807, 816 (9th Cir. 2021) (quoting *United States v. Riley*, 335 F.3d 919, 925 (9th Cir. 2003)).

a. The government's questioning of Joshua Brennan, Adam Hartman, John Akana, and Lisa O'Sullivan did not constitute error, let alone plain error. The questioning concerned valid areas of inquiry, and in some instances Agor opened the door to the government's questioning. *See United States v. Hegwood*, 977 F.2d 492, 496 (9th Cir. 1992) ("[W]hen the defendant 'opens the door' to testimony about an issue by raising it for the first time himself, he cannot complain about subsequent government inquiry into that issue." (quoting *United States v. Bailleaux*, 685 F.2d

---

[1] Agor's motion for judicial notice, Dkt. 31, is denied.

1105, 1110 (9th Cir. 1982), *overruled in part on other grounds by Huddleston v. United States*, 485 U.S. 681 (1988))). Regardless, any error in the government's questioning was not prejudicial given the strong evidence of Agor's guilt, including the fact that bundles of cash labeled with the bank's routing number were recovered from his car.

b. The prosecutor's closing statements also did not constitute reversible error. Prosecutors may not "'vouch' for a witness by offering their personal opinion of a witness's testimony, or suggesting that information exists outside the record that verifies the witness's truthfulness." *Alcantara-Castillo*, 788 F.3d at 1191. While the statements in question were at times overly rhetorical, they did not cross the line into vouching, nor did they denigrate Agor. The government also did not call attention to Agor's determination not to testify. *See Rhoades v. Henry*, 598 F.3d 495, 510 (9th Cir. 2010). The statements regarding Agor's failure to explain his possession of the cash permissibly "comment[ed] upon the defendant's failure to present exculpatory evidence." *United States v. Mende*, 43 F.3d 1298, 1301 (9th Cir. 1995) (quoting *United States v. Lopez–Alvarez*, 970 F.2d 583, 595 (9th Cir. 1992)).

Although the government concedes that one "we know" statement made in closing argument was improper, the statement did not cause substantial prejudice given the court's instruction that statements made by lawyers are not evidence and

24-119

the strong evidence of Agor's guilt. Nor did the other "we know" statements reflect prejudicial error.

3. The court did not err in finding Torres had a good faith basis to invoke the Fifth Amendment, and regardless, any error was harmless. In order to balance a criminal defendant's Sixth Amendment right with a witness's Fifth Amendment right against self-incrimination, "the trial judge must make an appropriate inquiry into the basis of the privilege claimed by the witness, and may not permit the witness to refuse to testify where the witness has no good-faith basis for invoking the privilege or a narrower privilege would adequately protect the witness." *United States v. Vavages*, 151 F.3d 1185, 1192 (9th Cir. 1998) (quotations and citation omitted). Contrary to Agor's claim that the court merely accepted the views of Torres's counsel, sufficient facts supported Torres's assertion of the Fifth Amendment privilege against self-incrimination, including that Torres was alone with Agor at the time of the theft. Even assuming the district court erred in not more completely considering whether Torres could have offered some testimony that would not implicate his right against self-incrimination, any error was "harmless beyond a reasonable doubt" given the clear evidence of Agor's guilt. *United States v. Bushyhead*, 270 F.3d 905, 911 (9th Cir. 2001).

4. We review for abuse of discretion the district court's rulings excluding Torres's prior statements to investigators as inadmissible hearsay. *See United States*

*v. Baker*, 58 F.4th 1109, 1124 (9th Cir. 2023).  Because Torres's statements were exculpatory, they were not statements against interest under Federal Rule of Evidence 804(b)(3).  *See United States v. Lynch*, 903 F.3d 1061, 1073 (9th Cir. 2018).  Torres's exculpatory statements are also not admissible under Rule 807 in this case because they lacked "circumstantial guarantees of trustworthiness." *United States v. Shryock*, 342 F.3d 948, 982 (9th Cir. 2003) (quoting Fed. R. Evid. 807).

The exclusion of these statements likewise did not violate Agor's Sixth Amendment right to make a defense.  Torres's statements were both unreliable and cumulative of Joshua Brennan's testimony that he did not believe either Agor or Torres had stolen the money.  *See United States v. Stever*, 603 F.3d 747, 756 (9th Cir. 2010) (citing factors to consider when determining whether excluded evidence "was so important to the defense that the error assumes constitutional magnitude").  Furthermore, the clear evidence of Agor's guilt would render any error harmless. *See Bushyhead*, 270 F.3d at 911.

5.  The court did not abuse its discretion in refusing to give Agor's proposed "neutralizing" jury instruction.  *See United States v. Cabrera*, 83 F.4th 729, 736 (9th Cir. 2023) (standard of review).  The government drew no negative inferences from Torres's failure to appear, so there was no prejudice.  *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 986 (9th Cir. 2020) ("Jury instructions only require reversal where they prejudiced the defendant.").

6. The district court did not abuse its discretion by allowing evidence of Agor's arrest for attempted solicitation and his storage of a firearm in the spare tire compartment of his car. *See Baker*, 58 F.4th at 1124 (standard of review). Admitting this evidence was permissible because it "explain[ed] either the circumstances under which particular evidence was obtained or the events surrounding the commission of the crime." *United States v. Vizcarra–Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995). Evidence of Agor's solicitation explained how law enforcement found the missing funds, and Agor's gun linked him to the money, which was found next to his gun lock box.

7. Agor has not demonstrated cumulative error warranting a new trial. And even if there were errors, considering the evidence as a whole, they were harmless beyond a reasonable doubt. *See United States v. Milheiser*, 98 F.4th 935, 946 (9th Cir. 2024).

8. We review the district court's application of the Sentencing Guidelines for abuse of discretion. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). Section 2B1.1(b)(16)(B) imposes a two-level increase if the offense involved "possession of a dangerous weapon (including a firearm) in connection with the offense." Section 4C.1.1 provides for a two-level decrease for individuals with no criminal history points who meet various criteria, including that "the defendant did not possess . . . a firearm or other dangerous weapon . . . in

connection with the offense."  U.S.S.G. § 4C1.1(a)(7).  The district court did not abuse its discretion in applying a § 2B1.1(b)(16)(B) sentencing enhancement and in refusing to grant a reduction under § 4C1.1(a)(7).  The district court's finding that Agor possessed and used a knife on the day of the theft and "in connection with" the theft was factually supported and sufficient to justify the district court's determinations under §§ 2B1.1(b)(16)(B) and 4C1.1(a)(7).

**AFFIRMED.**