**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Daniel Remigio–Salcedo PENA,
Defendant—Appellant.**

No. 06–30619.

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2007 *.

Filed July 12, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

Earl Allan Hicks, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Lana C. Glenn, Esq., Law Offices of Lana C. Glenn, Spokane, WA, for Defendant–Appellant.

Before: ALARCÓN, HAWKINS, and WARDLAW, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

## MEMORANDUM **

Daniel Remigio–Salcedo Pena appeals his jury trial conviction and sentence for conspiracy to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine; distribution of at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine; and possession with intent to distribute at least 50 grams of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Pena argues that the district court erred in denying his motion for acquittal. *See* Fed.R.Crim.P. 29. We review the denial of a Rule 29 motion de novo. *United States v. Munoz*, 233 F.3d 1117, 1129 (9th Cir.2000). "There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, a rational jury could have found the elements of the crime beyond a reasonable doubt." *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

■ With respect to the conspiracy count, there was ample evidence presented that Pena 1) agreed to sell methamphetamine, 2) took overt steps in furtherance of that purpose, and 3) intended to commit the underlying offense. *See United States v. Disla*, 805 F.2d 1340, 1348 (9th Cir. 1986). Pena, who had previously sold drugs to Colvin, arrived at the Peking North restaurant with Zazueta within hours of Colvin's call to Garcia requesting the drugs. Methamphetamine was found underneath the driver's seat of the car Pena drove to the restaurant. He left the restaurant and entered a van with Garcia

ed by 9th Cir. R. 36–3.

immediately after Zazueta had sold the drugs to Colvin in the car Pena had been driving. These "coordinated activities" are strong circumstantial evidence of an agreement between Pena and the co-defendants and also support a finding of intent to carry out the underlying offense. *United States v. Ortega*, 203 F.3d 675, 683 (9th Cir.2000). Therefore, the evidence is sufficient to uphold Pena's conspiracy conviction.

■ With respect to the second count, for distribution, Pena "was criminally liable for the substantive offenses committed by his co-conspirators in furtherance of the conspiracy." *Disla*, 805 F.2d at 1350 (citing *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946)). The evidence is sufficient to establish that Zazueta, Pena's co-conspirator, sold methamphetamine to Colvin. Alternatively, there was evidence sufficient to establish that Pena aided and abetted Zazueta in his sale of the drugs. *See* 18 U.S.C. § 2.

■ The third count, for possession with intent to distribute, requires the prosecution to prove that the defendant knowingly possessed the methamphetamine with the intent to distribute it. *See United States v. Hegwood*, 977 F.2d 492, 498 (9th Cir.1992). The evidence was sufficient for the jury to infer that Pena maintained dominion and control over the methamphetamine while he drove the car and that he intended for and helped Zazueta to possess and sell it to Colvin. *See Disla*, 805 F.2d at 1350; 18 U.S.C. § 2.

■ Lastly, Pena argues that the district court erred in finding Pena ineligible for safety valve relief because he did not meet the requirements of 18 U.S.C. § 3553(f)(5). We review the district court's interpretation of the Sentencing Guidelines de novo and its factual determination that a defendant is ineligible for safety valve relief for clear error. *United States v. Mejia–Pimental*, 477 F.3d 1100, 1103 (9th Cir.2007). Pena's proffer was substantially inconsistent with the testimony adduced at trial and with proffers made by law enforcement agents who investigated the crime. Therefore, the district court did not clearly err in finding Pena ineligible for safety valve relief.

**AFFIRMED.**