**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Stacy Charles COMER, Defendant—**
**Appellant.**

**No. 07–30363.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 7, 2008.

Filed July 11, 2008.

Helen J. Brunner, Esq., William Henry Redkey, Jr., Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Paula T. Olson, Esq., Burgess Fitzer, PS, Tacoma, WA, for Defendant–Appellant.

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Stacy Charles Comer appeals his conviction of conspiring to retaliate against a witness, retaliating against a witness, and brandishing a firearm during and in relation to those offenses, in violation of 18 U.S.C. §§ 371, 1513(b), and 924(c), respectively. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Viewing the evidence in the light most favorable to the government, a rational trier of fact could conclude that there was a conspiratorial agreement be-

tween Comer and his co-conspirators, Brandon Traver and Raul Alvarado–Martinez, to retaliate against Curtis Wild, a federal witness. Comer discussed Wild being a "snitch" with both Traver and Alvarado, told Traver to "punish" Wild, and instructed Alvarado to bring Wild to his residence. When Alvarado brought Wild to Comer's residence at gunpoint, both Traver and Comer immediately assaulted Wild while Alvarado held a gun to his head. This circumstantial evidence demonstrates the high degree of coordination sufficient to prove a conspiratorial agreement. *See United States v. Hegwood,* 977 F.2d 492, 497 (9th Cir.1992); *United States v. Iriarte–Ortega,* 113 F.3d 1022, 1024–25 (9th Cir.1997).

■ Viewing the evidence in the light most favorable to the government, a rational trier of fact could conclude that co-conspirator Alvarado's use of a gun was reasonably foreseeable. Evidence was presented to the jury that Alvarado held a gun to Wild's head while Comer assaulted Wild. Thus, a rational trier of fact could have concluded that Comer saw the gun and thus had actual knowledge of the gun. Further, Alvarado's use of a gun was reasonably foreseeable as an act in furtherance of the conspiracy under the *Pinkerton* theory of conspiracy liability. *See Pinkerton v. United States,* 328 U.S. 640, 647–48, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). Comer testified that he knew Alvarado was "packing" a gun, and the conspiracy was to engage in a dangerous activity—assault. This evidence is sufficient to support an inference that use of a gun was reasonably foreseeable. *See United States v. Alvarez–Valenzuela,* 231 F.3d 1198, 1203–04 (9th Cir.2000).

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court did not err by failing *sua sponte* to conduct a hearing on Comer's competence to stand trial. There was no evidence of incompetence such that the district judge should have been expected to experience a genuine doubt respecting Comer's competence. *See United States v. Mitchell,* 502 F.3d 931, 986 (9th Cir.2007). Comer's psychological assessment, which described his history of personality disorders, was irrelevant because it did not raise any doubt concerning Comer's ability to understand the proceedings against him or to consult with his lawyer. *See Boyde v. Brown,* 404 F.3d 1159, 1166–67 (9th Cir.2005). To the contrary, the psychological assessment demonstrated that Comer was "coherent" and "well oriented." Therefore, there was no due process violation.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.