**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FILED

FOR THE NINTH CIRCUIT

AUG 23 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-30281 |
| Plaintiff - Appellee, | D.C. No. CR-06-00028-JDS |
| v. | |
| GREGORY R. BOYD, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30254 |
| Plaintiff - Appellee, | D.C. No. 1:06-cr-00028-JDS-1 |
| v. | |
| GREGORY R. BOYD, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Jack D. Shanstrom, District Judge, Presiding

Argued and Submitted May 4, 2010
Seattle, Washington

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: WARDLAW and GOULD, Circuit Judges, and MILLS, Senior District Judge.[**]

Gregory Boyd challenges his conviction of possession of methamphetamine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), possession of a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), as well as the resulting 420-month sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Boyd argues that the Government violated his rights under the Speedy Trial Act by colluding with state authorities to delay his state prosecution as a "ruse" to buy time until a federal indictment could be obtained. *See United States v. Benitez*, 34 F.3d 1489, 1493 (9th Cir. 1994). After a full evidentiary hearing, the district court concluded, "any delays in the state prosecution were done in good faith and reflect no efforts to bypass the Speedy Trial requirements." The evidence adduced at the hearing demonstrates that before December 2005, Ms. Kolar—the state district attorney charged with prosecuting Boyd—was uncertain whether a federal indictment against Boyd would issue. The record also shows that she was ready,

---

[**]    The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

willing, and able to proceed with Boyd's state trial in November 2005 but that Boyd's pre-trial motions resulted in delay of the trial date.

That Ms. Kolar began to serve in December 2005 as both the state district attorney prosecuting Boyd and the Special Assistant United States Attorney investigating potential federal charges against Boyd based on the same conduct is more troubling. However, at the evidentiary hearing Ms. Kolar testified that even after she assumed her federal role she was uncertain whether the federal case against Boyd would proceed and that, as a result, she continued to pursue the state charges in good faith. This testimony is supported by the fact that Ms. Kolar was prepared to proceed to trial on the state charges in early February 2006. Thus, while we disapprove of the practice of the same prosecutor pressing simultaneously both state and federal charges arising from the same conduct,[1] we conclude that the district court did not clearly err in finding that no collusion occurred here. *United States v. Pena-Carrillo*, 46 F.3d 879, 883 (9th Cir. 1995).

Boyd next argues that the district court abused its discretion in admitting evidence that he overdosed on drugs (including methamphetamine) on the day of his arrest and had previously participated in methamphetamine trafficking.

---

[1]At very least such a practice gives rise to the appearance of impropriety. It is no surprise, therefore, that the Government averred at argument that the United States Attorney's office in Montana has discontinued this practice.

However, under Federal Rule of Evidence 404(b), this prior act evidence was admissible to demonstrate that Boyd had knowledge that the drugs were in his car. *See United States v. Arambula-Ruiz*, 987 F.2d 599, 603 (9th Cir. 1993); *United States v. Hegwood*, 977 F.2d 492, 497 (9th Cir. 1992). Additionally, neither the drug overdose nor the prior participation in methamphetamine trafficking were too remote in time from the charged conduct and the Government provided a sufficient basis from which to conclude that both activities occurred. *See United States v. Dhingra*, 371 F.3d 557, 566 (9th Cir. 2004); *United States v. Rude*, 88 F.3d 1538, 1550 (9th Cir. 1996). Finally, because this evidence "tend[s] to make the existence of the defendant's knowledge more probable than it would be without the evidence," both the drug overdose and prior drug trafficking activity were sufficiently similar to the charged conduct for admission under Rule 404(b). *United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005). Accordingly, the district court did not abuse its discretion in admitting this evidence.

Nor did the district court err in denying Boyd's motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. Viewing the evidence in the light most favorable to the Government, we conclude that there was ample evidence from which a rational jury could have convicted Boyd. *See United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc). Both the firearms

4

and methamphetamine were found in the trunk of a car that was not only driven by Boyd but was also registered to him. His fingerprint was found on the bag containing individually wrapped packages of methamphetamine. The arresting officers testified that during the stop Boyd acted nervously as if ready to flee. The jury heard medical testimony showing that Boyd had overdosed on drugs, including methamphetamine, around the time of his arrest. Additionally, after his release from the hospital, he was rearrested and was found in possession of a drug ledger that recorded drug transactions in amounts roughly corresponding to the quantity of drugs found in the car. Boyd challenges this evidence by pointing to evidence of innocent explanations for the inculpatory evidence. The jury, however, chose not to credit the exculpatory evidence and we will not disturb the jury's determination. *United States v. Delgado*, 357 F.3d 1061, 1068–70 (9th Cir. 2004).

Finally, the district court did not err in sentencing Boyd to 420 months in prison. Procedurally, Boyd does not dispute that the district court correctly calculated the applicable Guideline range to include the Career Offender provision contained in U.S.S.G. § 4B1.1. Contrary to Boyd's assertion, the district court did not presume impermissibly that this Guideline range was reasonable. *See United States v. Carty*, 520 F.3d 984, 990 (9th Cir. 2008) (en banc). Rather, it recognized

5

the Guidelines as advisory and, after considering the 18 U.S.C. § 3553(a) factors, found them reasonable "under the circumstances." Additionally, because the district court "'listened to [Boyd's] argument' and 'then simply found these circumstances insufficient to warrant a sentence lower than the Guidelines range,'" the district court adequately explained its within-Guidelines sentence. *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1054 (9th Cir. 2009) (quoting *Rita v. United States*, 551 U.S. 338, 358 (2007)). Therefore, Boyd's sentence is free from procedural error.

Boyd argues that the district court imposed a substantively unreasonable sentence by failing to deviate from the Guidelines. We disagree. The district court considered the § 3553(a) factors and reasonably recognized the severity of possessing not only large quantities of methamphetamine with an intent to distribute, but also two firearms in furtherance of this trafficking activity. It additionally found that Boyd's prior history of drug offenses, as well the fact that Boyd perpetrated the instant offense while on parole from the California Department of Corrections, implicated the need to impose a sentence which promoted a respect for the law. In light of these circumstances, we conclude that the district court did not abuse its discretion in sentencing Boyd to 420 months in prison. *See Carty*, 520 F.3d at 993.

6

**AFFIRMED.**